**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PROGRESSIVE WEST INSURANCE COMPANY, | No. 06-17367 |
| Plaintiff - Appellant, | D.C. No. CV-06-01785-FCD |
| v. | OPINION |
| SIMON H. PRECIADO, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, District Judge, Presiding

Argued and Submitted February 12, 2007
San Francisco, California

Filed March 6, 2007

Before: B. FLETCHER, CLIFTON, and IKUTA, Circuit Judges.

Opinion by Judge Ikuta, Circuit Judge:

This appeal raises the question whether the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2, § 5, 119 Stat. 12 (2005), gives the federal district court removal jurisdiction over this action. We conclude that it does not, and affirm the district court.

## Factual and Procedural Background

On December 22, 2004, Progressive West Insurance Company

("Progressive") filed a breach of contract action in California state court against its

insured, Simon Preciado.  Progressive sought $5,000 in reimbursement for medical

payments it made on behalf of Preciado.  On February 17, 2005, Preciado filed a

cross-complaint[1] against Progressive, which alleged (among other things) that

Progressive's policy of claiming such reimbursements was an unfair business

practice under California's unfair competition law, California Business and

Professions Code § 17200 *et seq*.  Preciado sought remedies "on behalf of the

general public" for these unfair business practices but failed to allege the elements

of a class action necessary to bring a representative claim under California's unfair

competition law.  *See* CAL. BUS. & PROF. CODE § 17203 (West 2005).  On August

7, 2006, the state trial court granted Preciado leave to remedy this defect, and

Preciado subsequently filed an amended cross-complaint asserting the required

class action elements.

After Preciado filed the amended cross-complaint, Progressive removed the

action to federal district court, asserting federal jurisdiction under CAFA.  *See* 28

---

[1] In federal practice, Preciado's "cross-complaint" would be deemed a "counterclaim."  *See* CAL. CIV. PROC. CODE § 428.10; FED. R. CIV. P. 13.

U.S.C. § 1332(d).  The federal district court remanded the action to state court. Progressive appealed the remand order, and we accepted the appeal pursuant to section 5 of CAFA, 28 U.S.C. § 1453(c)(1).

**Analysis**

Signed into law on February 18, 2005, CAFA significantly expanded federal subject matter and removal jurisdiction over class actions that commenced on or after CAFA's effective date.  "CAFA amends, *inter alia*, the federal diversity statute, 28 U.S.C. § 1332, and now vests original jurisdiction for class actions in federal court where there is minimal diversity and the amount in controversy exceeds $ 5,000,000."  *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005) (citing 28 U.S.C. § 1332(d)).  CAFA makes it easier for litigants to remove class actions to federal district courts.  *See* 28 U.S.C. § 1453(b).  It also gives appellate courts jurisdiction over appeals from orders remanding class actions to state court by creating an exception from the general rule in 28 U.S.C. § 1447(d) that such orders are not reviewable.  *See* 28 U.S.C. § 1453(c)(1).

The question we must answer is whether CAFA authorized Progressive's removal of this class action.  By its express terms, CAFA applies only to actions "commenced on or after" February 18, 2005.  Pub. L. 109-2, § 9, 119 Stat. 14 (note on 28 U.S.C. § 1332).  As noted above, both the original complaint and the

original cross-complaint in this action were filed before February 18, 2005. If either of these pleadings is deemed to "commence" this action for purposes of CAFA, the class action is not covered by CAFA.

Although CAFA does not define the term "commenced," we have held that an action commences for purposes of CAFA when a suit becomes "a cognizable legal action in state court" under "[a] state's own laws and rules of procedure." *Bush*, 425 F.3d at 686. As this action arose in California state court, *Bush* requires us to apply California's laws and rules of procedure to determine when it commenced. *See id.* at 686–87. Under California law, an action commences when the "complaint" is filed with the court. CAL. CIV. PROC. CODE §§ 350, 411.10 (West 2006); *Bush*, 425 F.3d at 686–87. The California Code of Civil Procedure defines a "complaint" to include a cross-complaint, but does not define "complaint" to include an amended cross-complaint. *See* CAL. CIV. PROC. CODE §§ 426.10, 431.30, 438, 581, 583.110 (West 2006). Based on these California statutes, Preciado's class action against Progressive commenced when Preciado filed his original cross-complaint on February 17, 2005.

Progressive does not dispute this statutory analysis. Rather, Progressive asserts that under California's "relation-back" doctrine, Preciado's amended cross-complaint commenced a new action because it substantially changed the nature of

-4-

the action from an individual action to a representative action. Progressive urges us to follow the Seventh Circuit's reasoning that an amended action may commence a new action for purposes of removal under CAFA if it does not "relate back" to an earlier filing. *See Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805 (7th Cir. 2005); *see also Prime Care of Northeast Kan., LLC v. Humana Ins. Co.*, 447 F.3d 1284, 1285–89 (10th Cir. 2006) (discussing various positions taken by the Fifth, Seventh, Eighth and Tenth Circuits on the application of the relation-back doctrine in this context).

We, however, are bound by *Bush*, which requires us to consider whether California's "laws and rules of procedure" permit application of the relation-back doctrine in the circumstances before us. *Bush*, 425 F.3d at 686. California courts have applied the relation-back doctrine in only two contexts. *See Barrington v. A. H. Robins Co.*, 702 P.2d 563, 566 (Cal. 1985). First, California courts have long applied the relation-back doctrine "to determine the time of commencement of an action for the purpose of the statute of limitations." *Id*. at 565. In this context, "an amended complaint is not barred by the statute of limitations . . . if the amended complaint relates back to a timely original complaint." *Id*.

The California Supreme Court has extended application of this doctrine to one additional context, namely, to a statute requiring dismissal of an action for

failure to serve a summons within three years of its commencement. *Id.* at 566. In *Barrington*, the California Supreme Court noted that "because the relation back rule has so far been confined to the statute of limitations," the court below "shrank" from applying the doctrine to this new context. *Id.* This was error, however, because the nature and purpose of the statute of limitations and the failure-to-serve statute were "virtually identical." *Id.* Both statutes "were designed to move suits expeditiously toward trial," and both "conflict with the strong public policy that seeks to dispose of litigation on the merits rather than on procedural grounds." *Id.* (internal quotations omitted). In light of the similarity of the two statutes and this strong public policy, the California Supreme Court concluded that the relation-back doctrine, an exception "created to mitigate the harshness of the statute of limitations," should be extended to mitigate the harshness of the failure-to-serve statute. *Id.*

*Barrington* makes clear that California courts apply the relation-back doctrine only in limited circumstances. Indeed, we are not aware of any California Supreme Court decision since *Barrington* that has even considered extending the relation-back doctrine to any additional contexts. Based on the reasoning in *Barrington*, the California Supreme Court would extend the doctrine, if at all, only

to statutes that are "virtually identical" to the statute of limitations or the failure-to-serve statute. *See id.*

CAFA is not "virtually identical" to these statutes. CAFA's effective date does not bar any class actions that might otherwise be litigated on the merits; it merely deprives litigants of one basis for removing the actions to federal court. The parties have cited no authority, nor have we found any, indicating that California courts have applied the relation-back doctrine to give litigants the benefit of a new statutory regime, and *Barrington* suggests that applying the doctrine in such a context would be an error. Therefore, we must conclude that California's relation-back doctrine does not apply in this context. Because Preciado commenced his class action lawsuit for purposes of CAFA on February 17, 2005, one day before CAFA became effective, Progressive cannot invoke CAFA's removal provision.

This conclusion would not change if Progressive were able to point us to California law applying the relation-back doctrine in a manner supporting Progressive's position. Even if we assumed that CAFA is applicable to Preciado's class action, we would agree with the district court's determination that Progressive lacks the authority to invoke CAFA's removal provision.

The district court remanded this class action on the ground that a plaintiff/cross-defendant, such as Progressive, is not a "defendant" for purposes of the federal removal statutes and therefore cannot remove an action to federal court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) (interpreting the provision allowing an action to be removed "by the defendant or defendants" in former removal statute 28 U.S.C. § 71 as precluding a plaintiff/cross-defendant from removing an action on the basis of a counterclaim). Progressive argues that given CAFA's purpose to increase class action litigants' access to federal courts, we should interpret CAFA as allowing a plaintiff forced to defend a class action on the basis of a cross-complaint to have the same right to remove the class action as a defendant. However, CAFA is not susceptible to such an interpretation.

Although CAFA does eliminate three significant barriers to removal for qualifying actions,[2] CAFA does not create an exception to *Shamrock's* longstanding rule that a plaintiff/cross-defendant cannot remove an action to

---

[2] Specifically, CAFA's removal provision, 28 U.S.C. § 1453(b), expressly "exempts qualifying actions from the § 1446(b) prohibition of removal more than 1 year after commencement of the [state court] action." *Abrego v. Dow Chem. Co*, 443 F.3d 676, 681 (9th Cir. 2006) (per curiam) (alteration in original) (internal quotation marks omitted). CAFA also "overrides the judge-created requirement that each defendant consent to removal." *Id*. Finally, it "allows for removal of actions without regard to whether any defendant is a citizen of the State in which the action is brought." *Id*. (internal quotation marks omitted).

federal court. CAFA's removal provision, section 1453(b), provides that "[a] class action may be removed to a district court . . . in accordance with section 1446." Section 1446, in turn, sets forth the removal procedure for "[a] *defendant or defendants* desiring to remove any civil action . . . from a State court." 28 U.S.C. § 1446(a) (emphasis added). The interpretation of "defendant or defendants" for purposes of federal removal jurisdiction continues to be controlled by *Shamrock*, which excludes plaintiff/cross-defendants from qualifying "defendants."

Nor can we accept Progressive's invitation to read CAFA liberally as making a *sub silentio* exception to *Shamrock*. We have declined to construe CAFA more broadly than its plain language indicates. *See Abrego v. Dow Chem. Co*, 443 F.3d 676 (9th Cir. 2006) (per curiam). "Faced with statutory silence . . ., we presume that Congress is aware of the legal context in which it is legislating." *Id*. at 683–84. This presumption is especially appropriate here, where "[t]he legal context in which the 109th Congress passed CAFA into law features a longstanding, near-canonical rule" that a state plaintiff forced to defend on the basis of a cross-complaint is without authority to remove. *See id*. at 684.

Therefore, we must conclude CAFA does not alter the longstanding rule announced in *Shamrock* that precludes plaintiff/cross-defendants from removing class actions to federal court. For this reason, Progressive would lack statutory

authority to remove the action pursuant to CAFA even if the action had commenced after CAFA's effective date.

In conclusion, we hold that under California's laws and rules of procedure, Preciado commenced his class action lawsuit for purposes of CAFA on February 17, 2005. As this was one day before CAFA became effective, Progressive could not remove this action pursuant to section 1453(b). Moreover, even if CAFA were applicable to Preciado's class action, the district court was correct to remand the action because Progressive is a plaintiff/cross-defendant and not authorized to remove an action under section 1453.

**AFFIRMED**.

COUNSEL LISTING

Craig E. Farmer, Farmer Smith Law Group, LLP, Sacramento, California; John B. Moorhead and Paul Karlsgodt, Baker & Hostetler, LLP, Denver, Colorado, for Appellant.

Michael J. Bidart and Ricardo Echeverria, Shernoff Bidart & Darras, LLP, Claremont, California, for Appellee.