Affirmed by published opinion. Chief Judge WILLIAMS wrote the opinion, in which Judge KING concurred. Judge NIEMEYER wrote a dissenting opinion.
WILLIAMS, Chief Judge:
This case presents an issue of first impression — whether a party joined as a defendant to a counterclaim (the “additional counter-defendant”) may remove the case to federal court solely because the counterclaim satisfies the jurisdictional requirements of the Class Action Fairness Act of 2005 (“CAFA”), Pub.L. 109-2, 119 Stat. 4 (codified in scattered sections of Title 28 of the United States Code). We hold that neither 28 U.S.C.A. § 1441(a) (West 2006) nor 28 U.S.C.A § 1453(b) (West 2006 & *329 Supp.2008) permits removal by such a party.
I.
On June 23, 2006, Palisades Collection L.L.C. (“Palisades”), a Delaware corporation, initiated a collection action in West Virginia state court against Charlene Shorts, a West Virginia resident, to recover $794.87 in unpaid charges plus interest on Shorts’s cellular phone service contract.
The contract, originally entered into with AT & T Wireless Services, Inc., provided that Shorts would be charged a $150.00 early termination fee if she defaulted on her payment obligations before the end of the contract. In October 2004, Cingular Wireless L.L.C. (“Cingular”) merged with AT & T Wireless Services, Inc. to become AT & T Mobility L.L.C. (“ATTM”). Before her contract term expired, ATTM determined that Shorts was in default on her account, terminated her service, and charged her the early termination fee. In June 2005, ATTM assigned its right to collect on Shorts’s default to Palisades.
After Palisades filed the collection action in state court, Shorts filed an answer denying the complaint’s allegations. Shorts also asserted a counterclaim against Palisades, alleging “unlawful, unfair, deceptive and fraudulent business aet[s] and practices,” in violation of the West Virginia Consumer Credit & Protection Act (the “Act”), as codified at W. Va.Code Ann. § 46A-6-104 (LexisNexis 2006). (J.A. at 8). Almost one year later, the state court granted Shorts leave to file a first amended counterclaim joining ATTM as an additional counter-defendant.[1] The amended counterclaim alleged that Palisades and ATTM violated the Act by “systematically contract[ing] for, charging], attempting] to collect, and collecting] illegal default charges in excess of the amounts allowed by West Virginia Code § 46A-2-115(a) and imposing] unconscionable charges in violation of § 46A-2-121.” (J.A. at 26.)
Shorts filed a motion for class certification, seeking to represent a class of individuals under similar contracts with Cingu-lar and ATTM, but before the state court could rule on that motion, ATTM removed the case to the United States District Court for the Northern District of West Virginia. In response, Shorts filed a motion to remand, arguing that ATTM could *330 not remove the case because it was not a “defendant” pursuant to the general removal statute, 28 U.S.C.A. § 1441. The district court granted Shorts’s motion and remanded the case to state court, concluding that ATTM could not remove the case to federal court because: (1) “it [was] not a ‘defendant’ for purposes of removal under § 1441,” Palisades Collections L.L.C. v. Shorts, No. 5:07CV098, 2008 WL 249083, at *5, 2008 U.S. Dist. LEXIS 6354, at *13 (N.D.W.Va. Jan. 29, 2008), and (2) CAFA does not create independent removal authority that would allow ATTM to “circumvent the long-standing requirement that only a true defendant may remove a case to federal court,” id. 2008 WL 249083, at *10, 2008 U.S. Dist. LEXIS 6354, at *29.
We granted ATTM permission to appeal, and we possess jurisdiction to review the district court’s remand order under 28 U.S.C.A. § 1453(c)(1).
II.
ATTM makes two principal arguments. First, in its notice of removal, ATTM contended that the case is removable under the general removal statute, 28 U.S.C.A. § 1441.[2] Second, on appeal, ATTM now argues that, even if § 1441 does not permit removal by additional counter-defendants, § 1453(b), added by CAFA, constitutes a separate removal power authorizing ATTM to remove. ATTM also makes an additional argument that, if neither § 1441 nor § 1453(b) permits removal by additional counter-defendants, then we should realign the parties to make ATTM a traditional defendant.
ATTM’s first two arguments raise questions concerning removal to federal court and issues of statutory interpretation, which we review de novo. Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203 (4th Cir.2006) (questions concerning removal); United States v. Abuagla, 336 F.3d 277, 278 (4th Cir.2003) (issues of statutory interpretation). In resolving this case, we are mindful that “federal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations.” Strawn v. AT & T Mobility L.L.C., 530 F.3d 293, 296 (4th Cir.2008). And, we are likewise cognizant that “[w]e must not give jurisdictional statutes a more expansive interpretation than their text warrants, but it is just as important not to adopt an artificial construction that is narrower than what the text provides.” Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 558, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) (citation omitted).
“When interpreting statutes, we start with the plain language.” United Seniors Ass’n, Inc. v. Social Sec. Admin., 423 F.3d 397, 402 (4th Cir.2005) (internal quotation marks omitted). We also recognize that “[statutory construction is a holistic endeavor,” Koons Buick Pontiac GMC, Inc. v. Nigh, 543 U.S. 50, 60, 125 S.Ct. 460, 160 L.Ed.2d 389 (2004), and that “[t]he plainness or ambiguity of statutory language is determined by reference to the language *331 itself, the specific context in which that language is used, and the broader context of the statute as a whole,” Robinson v. Shell Oil Co., 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). See also United States v. Heirs of Boisdore, 49 U.S. (8 How.) 113, 122, 12 L.Ed. 1009 (1850) (“In expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy.”). “A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme — because the same terminology is used elsewhere in a context that makes its meaning clear, or because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law.” United Sav. Ass’n of Tex. v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 371, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988) (citations omitted).
A.
Before turning to the issues raised in this appeal, an overview of the relevant jurisdictional statutes is appropriate to place the following discussion in context.
The general removal statute, 28 U.S.C.A. § 1441, provides that “any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.” § 1441(a) (emphasis added). Section 1446 of Title 28 of the United States Code establishes the procedures for removal of a case under § 1441. See 28 U.S.C.A. § 1446 (West 2006).
Through CAFA, Congress expanded federal diversity jurisdiction by amending 28 U.S.C.A. § 1332 to give federal district courts original jurisdiction of “any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which — (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.” 28 U.S.C.A. § 1332(d)(2) (West 2006).
In addition to amending § 1332, Congress also added 28 U.S.C.A. § 1453(b), which provides:
A class action may be removed to a district court of the United States in accordance with [28 U.S.C. § ] 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.
For purposes of § 1453(b), Congress defined a “class action” as “any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.” 28 U.S.C.A. § 1332(d)(1)(B); see 28 U.S.C.A. § 1453(a) (explaining that, for purposes of § 1453, a class action has the meaning given in § 1332(d)(1)).
Section 1453(b) eliminates at least three of the traditional limitations on removal: (1) the rule that, in a diversity case, a defendant cannot remove a case from its home forum, § 1441(b); (2) the rule that a defendant cannot remove a diversity case once it has been pending in state court for more than a year, § 1446(b); and (3) the rule that all defendants must consent to removal, Chicago, Rock Island & Pac. Ry. Co. v. Martin, 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900) (concluding that “all the defendants must join in the appli *332 cation” for removal); Payne ex rel. Estate of Calzada, 439 F.3d at 203 (“Failure of all defendants to join in the removal petition ... is ... an error in the removal process.”). See, e.g., Progressive W. Ins. Co. v. Preciado, 479 F.3d 1014, 1018 n. 2 (9th Cir.2007); see also S.Rep. No. 109-14, at 48 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 45 (“[Section 1453] establishes the procedures for removal of interstate class actions over which the federal court is granted original jurisdiction in new section 1332(d). The general removal provisions currently contained in Chapter 89 of Title 28 would continue to apply to class actions, except where they are inconsistent with the provisions of the Act. For example, like other removed actions, matters removable under this bill may be removed only ‘to the district court of the United States for the district and division embracing the place where such action is pending.’ ”).
Accordingly, with this framework in place, we now turn to ATTM’s arguments.
B.
In its notice of removal, ATTM contended that § 1441(a), which permits removal of a civil action over which the federal district courts have original jurisdiction by “the defendant or the defendants,” permits ATTM, an additional counter-defendant, to remove the case to federal court. We do not agree.
In Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), the Supreme Court considered the question of “whether the suit in which [a] counterclaim is filed is one removable by the [original] plaintiff to the federal district court ...,” id. at 103, 61 S.Ct. 868, under the statutory predecessor to § 1441(a), which provided that an action “may be removed by the defendant or defendants therein to the district court of the United States for the proper district,” id. at 105 n. 1, 61 S.Ct. 868. Although the Court acknowledged that, between 1875 and 1887, the removal statute allowed “either party” to remove the suit to federal court, id. at 104-05, 61 S.Ct. 868, the Court concluded that Congress “narrow[ed] the federal jurisdiction on removal” by amending the statute in 1887 to allow removal only “by the ‘defendant or defendants’ in the suit,” id. at 107, 61 S.Ct. 868. Noting that interpretation of removal statutes “call[ed] for ... strict construction,” id. at 108, 61 S.Ct. 868, the Court thus held that the original plaintiff against whom the original defendant had filed a counterclaim could not remove the case to federal court under § 1441(a)’s predecessor.
For more than fifty years, courts applying Shamrock Oil have consistently refused to grant removal power under § 1441(a) to third-party defendants — parties who are not the original plaintiffs but who would be able to exercise removal power under ATTM’s interpretation. See Cross Country Bank v. McGraw, 321 F.Supp.2d 816, 821-22 (S.D.W.Va.2004) (noting that district courts within the Fourth Circuit have adopted the majority rule that “a third-party defendant is distinct from ‘the defendant or defendants’ who are permitted to remove cases pursuant to 28 U.S.C. § 1441(a)”); Galen-Med, Inc. v. Owens, 41 F.Supp.2d 611, 614 (W.D.Va.1999) (“The majority view, that third-party defendants are not ‘defendants’ for purposes of removal under 28 U.S.C. § 1441(a), is the better rule.”); Hayduk v. UPS, 930 F.Supp. 584, 590 (S.D.Fla.1996) (“Nearly every court that has considered the question whether third-parties may remove under § 1441(a) has determined that they may not.”); Croy v. Buckeye Int’l, Inc., 483 F.Supp. 402, 406 (D.Md.1979) (“The overwhelming weight of authority indicates that a third party defendant is not entitled to removal of an entire case to *333 federal court under 28 U.S.C. § 1441(a).”); Manternach v. Jones County Farm Serv. Co., 156 F.Supp. 574, 577 (N.D.Iowa 1957) (noting that courts “are not in disagreement as to the non-removability of a third-party claim [under § 1441(a) ]”).
As the Sixth Circuit more recently explained, “[although Shamrock Oil is not dispositive of the precise issue before us, it does dictate that the phrase ‘the defendant or the defendants,’ as used in § 1441(a), be interpreted narrowly, to refer to defendants in the traditional sense of parties against whom the [original] plaintiff asserts claims.” First Nat’l Bank of Pulaski v. Curry, 801 F.3d 456, 462-63 (6th Cir.2002) (noting that the American Law Institute has recommended that Congress “make[ ] clear what the present law merely implies: the right of removal applies only to the action as framed by the pleading that commences the action. Counterclaims, cross-claims, and third-party claims cannot be the basis for removal [under § 1441(a) ]”); see also Florence v. ABM Indus., 226 F.Supp.2d 747, 749 (D.Md.2002) (“[I]n adopting the current language [of the removal statute], Congress intended to restrict removal jurisdiction solely to the defendant to the main claim.”).
Of course, additional counter-defendants, like third-party defendants, are certainly not defendants against whom the original plaintiff asserts claims. Thus, we easily conclude that an additional counter-defendant is not a “defendant” for purposes of § 1441(a). See, e.g., Capitalsource Fin., L.L.C. v. THI of Columbus, Inc., 411 F.Supp.2d 897, 900 (S.D.Ohio 2005) (concluding that “additional counterclaim defendants ... are not defendants within the meaning of the removal statute, [and] do not have statutory authority ... to remove this case”); Dartmouth Plan, Inc. v. Delgado, 736 F.Supp. 1489, 1492 (N.D.Ill.1990) (“But just as a third-party has no special rights to remove, neither does a nonplaintiff counter-defendant. A counterdefendant is not a defendant joined in the original action and therefore not a party that can remove a state action to federal court.”); Tindle v. Ledbetter, 627 F.Supp. 406, 407 (M.D.La.1986) (noting that because the Justices, who were joined as defendants on the counterclaim under Louisiana’s procedural equivalent to Fed. R.Civ.P. 13(h), “are [additional] counterclaim defendants, they cannot remove this suit to federal court”); see also 16 James W. Moore et al., Moore’s Federal Practice § 107.11[l][b][iv] (3d ed.1998) (noting that the “better view” is that counter-defendants, cross-claim defendants, and third-party defendants “are not defendants within the meaning of [§ 1441(a) ]”).
Congress has shown the ability to clearly extend the reach of removal statutes to include counter-defendants, cross-claim defendants, or third-party defendants, see 28 U.S.C. § 1452(a) (West 2006) (“A party may remove any claim or cause of action ... [related to bankruptcy cases].” (emphasis added)). In crafting § 1441(a), however, Congress made the choice to refer only to “the defendant or the defendants,” a choice we must respect. Thus, ATTM, as an additional counter-defendant, may not remove the case to federal court under § 1441(a).[3] This conclusion is consistent with the well-established principle that “[w]e are obliged to *334 construe removal jurisdiction strictly because of the significant federalism concerns implicated” and that “if federal jurisdiction is doubtful, a remand to state court is necessary.” Md. Stadium Auth. v. Ellerbe Bechet Inc., 407 F.3d 255, 260 (4th Cir.2005) (internal quotation marks, citations, and alterations omitted); see also Shamrock Oil, 313 U.S. at 109, 61 S.Ct. 868 (“Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confíne their own jurisdiction to the precise limits which the statute has defined.” (internal quotation marks omitted)).
C.
Perhaps anticipating our conclusion that an additional counter-defendant may not remove under § 1441(a), ATTM argues that § 1453(b) provides a removal power independent of that conferred in § 1441(a). ATTM further argues that, under the broad language of § 1453(b), any defendant, including a counter-defendant, may exercise that removal power. We need not decide whether § 1453(b) grants such a power because, even assuming that § 1453(b) grants a power of removal, ATTM, as an “additional counter-defendant,” may not exercise this power.
ATTM argues that the broad language of § 1453(b) permits an additional counter-defendant to remove a class action to federal court for two reasons. First, ATTM contends that because § 1453(b) provides only that a class action “may be removed to a district court,” it does not limit the parties entitled to remove. Second, ATTM contends that, in overriding several traditional limitations on removal, § 1453(b) twice refers to “any defendant,” a phrase it believes is broad enough to include counter-defendants.
We find neither argument convincing. First, ATTM’s contention that § 1453(b) grants it removal power because it does not expressly limit the parties who may remove simply does not comport with the language of § 1453(b) when the statute is read in its entirety. Given that the only reference in the statute as to a party who may remove is to a “defendant,” and that the statute states that the class action may be removed “in accordance with [28 U.S.C. § ] 1446,” which specifically provides procedures for “[a] defendant or defendants” to remove cases to federal court, see § 1446(a), we think that Congress clearly did not intend to extend the right of removal to parties other than “defendant[s].” And, as discussed in Section II.B, “defendant” in the removal context is understood to mean only the original defendant.[4]
*335 Second, the use of the phrase “any defendant” also does not grant removal power to additional counter-defendants. Section 1453(b) uses “any defendant” twice — first stating that a class action may be removed “without regard to whether any defendant is a citizen of the State in which the action is brought” and then stating that “such action may be removed by any defendant without the consent of all defendants.” § 1453(b) (emphasis added). The first provision eliminates the so-called “home-state defendant” restriction on removal found in § 1441(b), which is the rule that diversity actions “shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.” § 1441(b). Of course, under the normal rules of statutory construction, “the same terms [should] have the same meaning in different sections of the same statute.” LaRue v. DeWolff, Boberg & Assocs., — U.S. -, 128 S.Ct. 1020, 1027, 169 L.Ed.2d 847 (2008) (internal quotation marks and alterations omitted). Thus, given that we have already concluded that “defendant” in § 1441(a) means only an original defendant, we must likewise conclude that “defendant” in § 1441(b) means only an original defendant. Because “we presume that Congress legislated consistently with existing law and with the knowledge of the interpretation that courts have given to the existing statute,” Strawn, 530 F.3d at 297, that the first reference to “defendant” in § 1453(b) is in relation to § 1441(b)’s “home-state defendant” rule only reinforces our conclusion that “defendant” in § 1453(b) also means only the original defendant. Cf. Blockbuster, Inc. v. Galeno, 472 F.3d 53, 58 (2d. Cir.2006) (“It is true that Congress displayed in CAFA an aim to broaden certain aspects of federal jurisdiction for class actions. However, we think that, rather than evincing an intent to make as drastic a change to federal jurisdiction as Blockbuster proposes, CAFA’s detailed modifications of existing law show that Congress appreciated the legal backdrop at the time it enacted this legislation.”).
The statute’s use of the word “any” to modify “defendant” does not alter our conclusion that additional counter-defendants may not remove under § 1453(b) because the use of the word “any” cannot change the meaning of the word “defendant.” Likewise, § 1453(b)’s second use of the phrase “any defendant,” i.e., “such action may be removed by any defendant without the consent of all defendants,” § 1453(b) (emphasis added), eliminates the judicially-recognized rule of unanimous consent for removal; the use of the word “any” juxtaposed with the word “all” was intended to convey the idea of non-unanimity, not to *336 alter the definition of the word “defendant.”
Put simply, there is no indication in the language of § 1453(b) (or in the limited legislative history) that Congress intended to alter the traditional rule that only an original defendant may remove and to somehow transform an additional counter-defendant like ATTM into a “defendant” with the power to remove. Reading § 1453(b) to also allow removal by counter-defendants, cross-claim defendants, and third-party defendants is simply more than the language of § 1453(b) can bear.
Thus, we conclude that ATTM, as an additional counter-defendant, does not have a right to remove under either § 1441(a) or § 1453(b). Again, this conclusion is consistent with our duty to construe removal jurisdiction strictly and resolve doubts in favor of remand.[5] See Md. Stadium Auth., 407 F.3d at 260.
In an effort to overcome this plain language, ATTM stresses that “ [i]t is inconceivable that Congress intended to leave [a] large category of class actions in state court.” (Appellants’ Br. at 25.) But, § 1332(d) itself leaves many class actions in state courts, see, e.g., Luther v. Countrywide Home Loans Servicing L.P., 533 F.3d 1031 (9th Cir.2008) (affirming remand of a class action to state court); Preston v. Tenet Healthsystem Mem’l Med. Ctr., Inc., 485 F.3d 804 (5th Cir.2007) (same), and although we are cognizant of the fact that Congress clearly wished to expand federal jurisdiction through CAFA, we also recognize that it is our duty, as a court of law, to interpret the statute as it was written, not to rewrite it as ATTM believes Congress could have intended to write it. If Congress intended to make the sweeping change in removal practice that ATTM suggests by altering the near-canonical rule that only a “defendant” may remove and that “defendant” in the context of removal means only the original defendant, it should have plainly indicated that intent.
D.
Finally, ATTM argues that, if neither § 1441 nor § 1453(b) permits removal by an additional counter-defendant, then “the parties should be realigned so that ATTM is deemed a ‘defendant’ with the right of removal.” (Appellants’ Br. at 41.) Because the question of realignment concerns removal, and removal jurisdiction and realignment are “not severable for the purpose of determining the proper standard of review,” U.S. Fid. & Guar. Co. v. Thomas Solvent Co., 955 F.2d 1085, 1088 (6th Cir.1992), we also review the district court’s refusal to realign the parties de novo. Should our inquiry involve factual determinations made by the district court, we review those determinations for clear error. Prudential Real Estate Affiliates, *337 Inc. v. PPR Realty, Inc., 204 F.3d 867, 872-73 (9th Cir.2000).
In determining whether to realign parties, we apply the “principal purpose” test: First, we determine the primary issue in controversy, and then we align the parties according to their positions with respect to the primary issue. United States Fid. & Guar. Co. v. A & S Mfg. Co., 48 F.3d 131, 132-33 (4th Cir.1995). “The determination of the ‘primary and controlling matter in dispute’ does not include the cross-claims and counterclaims filed by the defendants. Instead, it is to be determined by plaintiffs principal purpose for filing its suit.” Zurn Indus., Inc. v. Acton Constr. Co., 847 F.2d 234, 237 (5th Cir.1988) (emphasis added).
Here, Palisades’s “principal purpose” in filing the suit was to collect Shorts’s debt. On that issue, Palisades and Shorts were properly aligned. Thus, like the district court, we conclude that realignment was inappropriate.
III.
We reiterate that our holding today is narrow: Under both § 1441(a) and § 1453(b), a counter-defendant may not remove a class action counterclaim to federal court. Congress is presumed to know the current legal landscape against which it legislates, and we are merely applying those pre-existing established legal rules. If Congress wants to overturn such precedent, it should do so expressly.
For the foregoing reasons, the judgment of the district court is hereby

AFFIRMED.

. We note that "[a] counterclaim is any suit by a defendant against the plaintiff including any claims properly joined with the claims against the plaintiff. A counterdefendant need not also be a plaintiff.” Dartmouth Plan, Inc. v. Delgado, 736 F.Supp. 1489, 1491 (N.D.Ill.1990); Starr v. Prairie Harbor Dev. Co., 900 F.Supp. 230, 233 (E.D.Wis.1995) (agreeing with Delgado’s conclusion that additional parties joined as defendants on a counterclaim are "properly characterized as 'counterclaim defendants’ for removal purposes”). See also Grubbs v. General Electric Credit Corp., 405 U.S. 699, 705, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972) (referring to a party as "the additional counter-defendant”).
Also, the district court properly noted that there is “some confusion as to the identity of the counterclaim defendants.” Palisades Collections L.L.C. v. Shorts, No. 5:07CV098, 2008 U.S. Dist. LEXIS 6354, at *3 n. 2, 2008 WL 249083, at *1 n. 2 (N.D.W.Va. Jan. 29, 2008). Although Shorts requested leave to amend her counterclaim to assert causes of action against Palisades Collections L.L.C., AT & T Mobility L.L.C., and AT & T Mobility Corporation and served both AT & T Mobility L.L.C. and AT & T Mobility Corporation with the amended counterclaim, she named only Palisades and AT & T Mobility L.L.C. in the actual counterclaim. Nevertheless, both AT & T Mobility L.L.C. and AT & T Mobility Corporation joined in the notice of removal and in the memorandum in opposition to Shorts’s motion to remand. The district court treated AT & T Mobility Corporation as a counter-defendant and referred to both AT & T Mobility entities jointly as "ATTM.” We will do the same.

. In the jurisdictional statement portion of its notice of removal, ATTM demonstrated that the counterclaim satisfied the requirements of CAFA and then stated that "[b]ecause this action states a basis for original subject matter jurisdiction under 28 U.S.C. § 1332, this action is removable pursuant to 28 U.S.C. § 1441(a).” (J.A. at 37 (emphasis added).) In the procedural statement portion of its notice of removal, ATTM stated that, pursuant to 28 U.S.C.A. § 1453 (West 2006 & Supp.2008), it could remove the case without obtaining the consent of all defendants and regardless of whether one of the defendants was a citizen of West Virginia, the state in which the action was brought; ATTM also relied on 28 U.S.C.A. § 1441(a) (West 2006) to establish that venue was proper in the Northern District of West Virginia.

. Shorts also contends that removal under § 1441(a) is impermissible because the district court does not have “original jurisdiction” over the case based on Palisades's complaint, which asserts only a state-law collection action for approximately $800, and because a counterclaim cannot serve as the basis for original jurisdiction in a diversity case such as this one. Given our conclusion that an additional counter-defendant may not remove under § 1441(a), we have no reason to address this argument.

. We note that ATTM’s broad interpretation of § 1453(b) would necessarily allow an original plaintiff/counter-defendant to remove a class action asserted against it. The Ninth Circuit recently considered just such a situation in Progressive W. Ins. Co. v. Preciado, 479 F.3d 1014 (9th Cir.2007), albeit in dicta. In that case, the plaintiff argued that CAFA should be interpreted as "allowing a plaintiff forced to defend a class action on the basis of a cross-complaint to have the same right to remove the class action as a defendant.” Id. at 1017. Concluding that "CAFA is not susceptible to such an interpretation,” id., the Ninth Circuit wrote: Although CAFA does eliminate three significant barriers to removal for qualifying actions, CAFA does not create an exception to Shamrock’s longstanding rule that a plain-tifftcross-defendant cannot remove an action to federal court. CAFA’s removal provision, section 1453(b), provides that "[a] class action may be removed to a district court ... in accordance with section 1446.” Section 1446, in turn, sets forth the removal procedure for "[a] defendant or defendants desiring to remove any civil action ... from a State court.” The interpretation of "defendant or defendants” for purposes of federal removal jurisdiction continues to be controlled by Shamrock [Oil & Gas Corp. *335 v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)], which excludes plain-tifpcross-defendants from qualifying “defendants.”
Nor can we accept Progressive’s invitation to read CAFA liberally as making a sub silentio exception to Shamrock. We have declined to construe CAFA more broadly than its plain language indicates. "Faced with statutory silence ..., we presume that Congress is aware of the legal context in which it is legislating.” This presumption is especially appropriate here, where ”[t]he legal context in which the 109th Congress passed CAFA into law features a longstanding, near-canonical rule” that a state plaintiff forced to defend on the basis of a cross-complaint is without authority to remove.
Therefore, we must conclude CAFA does not alter the longstanding rule announced in Shamrock that precludes plaintiffcross-defendants from removing class actions to federal court.
Id. at 1017-1018 (emphasis in original) (internal citations omitted). We agree that § 1453(b) should not be read to allow removal by original plaintiffs.

. ATTM argues that this federalism-based canon of strict construction, which favors adjudication in state court, has no place in the interpretation of CAFA because Congress enacted CAFA to favor federal jurisdiction over qualifying class actions. This suggestion finds no support in our sister circuits. See Miedema v. Maytag Corp., 450 F.3d 1322, 1328-29 (11th Cir.2006) ("Statements in CAFA’s legislative history, standing alone, are a insufficient basis for departing from th[e] well-established rule [of construing removal statutes strictly and resolving doubts in favor of remand].”); Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir.2006) (applying the rule of strict construction of removal statutes to interpretation of CAFA); see also Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1097 n. 7 (10th Cir.2005) ("We are mindful of the fact that Congress' goal in passing [CAFA] was to increase access to federal courts, and we also recognize that the Senate report instructs us to construe the bill’s terms broadly. But these general sentiments do not provide carte blanche for federal jurisdiction over a state class action any time the statute is ambiguous.” (internal citations omitted)).