Barbara SCHWARTZ, an individual, and Carole Neitlich, an individual, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

SCI FUNERAL SERVICES OF FLORIDA, INC., a Florida Corporation; and Rusty Scott, an individual, Defendants.

SCI Funeral Services of Florida, Inc., a Florida Corporation, Defendant/Third–Party Plaintiff,

v.

Hauck Enterprises, Ltd., a Texas Corporation, Third–Party Defendant.

Case No. 12–81080–CIV.

United States District Court,
S.D. Florida.

March 4, 2013.

**1192**

Edward M. Ricci, Edward M. Ricci, P.A., West Palm Beach, FL, for Plaintiffs.

Anastasia Protopapadakis, Christopher N. Johnson, Ted Christopher Craig, Gray Robinson, P.A., Miami, FL, for Defendants/Third–Party Plaintiff.

Kevin Monroe Vannatta, Lewis Brisbois Bisgaard & Smith, Fort Lauderdale, FL, for Third–Party Defendant.

## ORDER DENYING MOTION TO REMAND

KENNETH L. RYSKAMP, District Judge.

THIS CAUSE comes before the Court pursuant to Plaintiffs Barbara Schwartz and Carole Neitlich's ("Plaintiffs") motion to remand, filed November 2, 2013 [**DE 13**]. Defendants SCI Funeral Services of Florida, Inc. and Rusty Scott ("SCI" and "Scott," collectively "Defendants") responded on November 19, 2013 [**DE 15**]. Plaintiffs replied on November 29, 2013 [**DE 19**]. This motion is ripe for adjudication.

### I. BACKGROUND

The Class Action Complaint in this action alleges that SCI committed wrongdoing and breached duties it owed to Plaintiffs with regard to making interments and disinterments, relocating outer burial containers, relocating casketed human remains, maintaining graves, and maintaining the cemetery grounds at Star of David Memorial Gardens Cemetery and Funeral Chapel in North Lauderdale, Florida ("Star of David"). Defendants' alleged practices are allegedly motivated by a desire to pack as many graves as possible into the space available to maximize the profitability of the cemetery. Plaintiffs claim (1) violations of Florida's Deceptive Trade Practices Act, Fl. Stat. § 501.201, *et seq.*; (2) violations of Florida's Funeral, Cemetery and Consumer Services Act, Fl. Stat. § 497.001, *et seq.*; (3) negligence; (4) tortious interference with dead bodies; (5) equitable/injunctive relief; and (6) intentional infliction of emotional distress.

The putative class is defined as

(a) Florida citizens who are entered into agreements authorizing their loved ones to be buried at Star of David;

(b) Florida citizens who purchased burial rights, burial merchandise, funeral merchandise, burial services and/or funeral services at Star of David; and/or (c) Florida citizens whose family members are buried at Star of David, including as successors in interest of the deceased buried at Star of David who were Florida citizens as of their date of death. (Compl. ¶ 51.) Plaintiffs claim that number of class members is in the tens of thousands.

Schwartz is a purchaser of pre-need burial rights, burial/funeral services and burial/funeral merchandise at Star of David. Schwartz's parents are buried at Star of David. Neitlich's son and parents are buried at Star of David. Schwartz and Neitlich are both citizens of Florida. SCI is a Florida corporation and has its principal office in West Palm Beach, Florida. Scott is an officer, director or managing agent of SCI and is a resident of Palm Beach County, Florida. Third–Party Defendant Hauck Enterprises, Ltd. ("Hauck"), a Texas Corporation, provides landscape management, maintenance, care and burial services at Star of David. Hauck performs all internments at Star of David and maintains all of the gravesites at Star of David. SCI and argues that, to the extent it is liable for the wrongdoing alleged by Plaintiffs, its liability is solely vicarious, constructive, derivative or technical for the wrongdoing of Hauck. Plaintiffs seek in excess of $200 million in damages.

Plaintiffs' counsel originally filed a class action lawsuit against SCI and Scott on April 5, 2012, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled *Zinn & Graff v. Service Corporation International, et al.*, Case No.2012–CA–006536–MB ("First Class Action"). The putative class defined in the First Class Action included all the class members identified in the complaint in this action. Hauck was a named defendant and alleged wrongdoer in the First Class Action. The First Class Action was removed to this Court on April 24, 2012 on the basis of minimal diversity as defined by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). *See* Case No. 12–80435–CIV–RYSKAMP, [DE 1]. The Plaintiffs in the First Class Action voluntarily dismissed the lawsuit on July 19, 2012 after unsuccessfully arguing that the local controversy exception to CAFA, 28 U.S.C. § 1332(d)(4)(A), precluded the exercise of jurisdiction over the matter [DE 49, 56].

The next day, on July 20, 2012, Plaintiffs filed a second class action suit against Defendants and others in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled *Schwartz, et al. v. SCI Funeral Services of Florida, Inc., et al.*, Case No.2012–CA–013207–AB ("Second Class Action"), alleging a putative class that was encompassed by the class identified in the First Class Action. Plaintiffs omitted Hauck and other out-of-state companies as defendants in the Second Class Action, but the action was removed to this Court based on the foreign citizenship of Defendants Northstar Cemetery Services of Florida, LLC and Northstar Funeral Services of Florida, LLC, both Delaware companies. *See* Case No. 12–80788–CIV–RYSKAMP. Plaintiffs in that action amended their complaint on August 27, 2012, naming David Zinn and Michele Baio as Plaintiffs and dropping Barbara Schwartz and Carole Neitlich as Plaintiffs. The class action allegations in that matter were also withdrawn.

Plaintiffs on July 20, 2012 filed the above-styled action in state court, captioned *Schwartz, et al. v. SCI Funeral Services of Florida, Inc., et al.*, Case No.2012–CA–013207–AB ("Third Class Action"), naming Schwartz and Neitlich as Plaintiffs and defining the class in a man-

ner identical to the class definition in the First and Second Class Actions.

Prior to removal of this action, SCI filed on October 3, 2012 its third-party complaint against Hauck. The same day, SCI removed this action to this Court pursuant to 28 U.S.C. § 1332(d), 28 U.S.C. § 1441(a), 28 U.S.C. § 1446(a) and 28 U.S.C. § 1453(b). Plaintiffs claim that this Court has subject matter jurisdiction over this action pursuant to CAFA, which provides that district courts have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and at least one plaintiff and one defendant are diverse. *See* 28 U.S.C. § 1332(d)(2). Plaintiffs have moved to remand this action on the grounds that diversity jurisdiction is absent and that SCI lacked the authority to remove.

## II. *LEGAL STANDARD*

"[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994) (citations omitted). Pursuant to 28 U.S.C. § 1447(c), this Court may remand an action to state court based on any defect in the removal procedure. *See also Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996) ("The removal statute should be construed narrowly with doubt constructed against removal.") (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)).

■ Although CAFA's removal provisions are also to be construed strictly, *see Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir.2006), CAFA's "minimum diversity" requirement represents a significant expansion of federal jurisdiction over class actions. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 n. 52 (11th Cir.2007) (noting that one of the purposes of CAFA is to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction.") (quoting CAFA § 2(b), 119 Stat. at 5).

## III. *DISCUSSION*

### A. CAFA Jurisdiction Exists

#### 1. Hauck is "Any Defendant" Under Section 1332(d)

The motion to remand requires determination of whether jurisdiction exists under CAFA and which party in a class action may remove the action to federal court. As such, two statutory provisions are implicated: 28 U.S.C. § 1332 and 28 U.S.C. § 1453. Section 1332, as amended pursuant to CAFA, is a jurisdictional provision that modifies the general requirement of complete diversity and provides that diversity exists in class actions when "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2)(C). Section 1453 governs removal procedure in class actions, allowing removal "by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b). Section 1453 thus differs from the general removal statute, 28 U.S.C. § 1441(a), which provides that any civil action over which the district courts have original jurisdiction "may be removed by the defendant or the defendants."

Plaintiffs contend that Hauck does not qualify as "any defendant" for purposes of minimal diversity with Plaintiffs. Plaintiffs reach this conclusion by first determining who qualifies as a "defendant" under federal removal statutes and then applying that analysis to the determination of whether federal jurisdiction exists under CAFA. CAFA removal procedure and CAFA jurisdiction are sepa-

rate and distinct issues, however, as even the cases Plaintiffs cite so demonstrate.

In 1941, the United States Supreme Court in *Shamrock Oil* addressed whether a plaintiff/counterclaim-defendant is a "defendant" that can remove a case to federal court. In *Shamrock Oil*, plaintiff sued defendant in state court on a debt, and defendant counterclaimed for an unrelated breach of contract. Plaintiff then removed based upon diversity of citizenship. *See* 313 U.S. at 103, 61 S.Ct. 868. The Supreme Court's decision traced the history of the removal statute, observing that the Judiciary Act of 1789 provided that if "the defendant shall ... file a petition for the removal of the cause," it shall be removable. *Id.* at 105, 61 S.Ct. 868. This provision was interpreted to limit removal to the original defendant only, and a plaintiff/counterclaim-defendant, "having submitted himself to the jurisdiction of the state court, was not entitled to avail himself of a right of removal conferred only on a defendant who has not submitted himself to the jurisdiction." *Id.* at 106, 61 S.Ct. 868 (citing *West v. Aurora City*, 73 U.S. 139, 6 Wall. 139, 18 L.Ed. 819 (1867)).

In 1875, the statute was amended to allow "either party" to remove. *Id.* at 106, 61 S.Ct. 868. Twelve years later, the statute was revised again, once more limiting the right to remove to "the defendant." *Id.* The Supreme Court held that it was clear that, in returning the statute to its former language, Congress wished to take away from plaintiff/counterclaim-defendants the right to remove. *See id.* The Supreme Court quoted the Congressional Record:

> The next change proposed is to restrict the right to remove a cause from the State to the Federal court to the defendant. As the law now provides, either plaintiff or defendant may remove a cause. This was an innovation on the

law as it existed from 1789 until the passage of the act of 1875.

> In the opinion of the committee it is believed to be just and proper to require the plaintiff to abide his selection of a forum. If he elects to sue in a State court when he might have brought his suit in a Federal court there would seem to be, ordinarily, no good reason to allow him to remove the cause....

*Id.* at n. 2. Thus, Section 1441 and its predecessor statutes have consistently limited the power to remove to "the defendants."

*Palisades Collections, LLC v. Shorts*, 552 F.3d 327 (4th Cir.2008), interpreted the language "any defendant" in Section 1453(d) in accordance with the historically narrow interpretation of Section 1441 and its predecessor statutes. In *Palisades*, a collection agency sued a consumer in state court on a debt owed to a wireless carrier. *See id.* at 329. The consumer defendant counterclaimed against the collection agency, added the wireless carrier as a counter-defendant and moved for class action status under CAFA. *See id.* The wireless carrier removed the case to federal court pursuant to ordinary diversity of citizenship and CAFA. *See id.* The district court found that it had CAFA jurisdiction but concluded that the wireless carrier, a counter-defendant, could not remove the action. *See id.* at 337–38. The Fourth Circuit affirmed in a split decision, concluding that the wireless carrier could not remove to federal court under either Section 1441 or Section 1453, but leaving undisturbed the district court's finding that federal jurisdiction existed.

*Palisades's* review of the CAFA *removal statute* is not instructive for determining whether jurisdiction exists under CAFA, however. Neither Palisades nor any case adopting its reasoning has construed the term "any defendant" under Section

1332(d). *See also Progressive W. Ins. Co. v. Preciado,* 479 F.3d 1014, 1017–18 (9th Cir.2007) ("CAFA does not create an exception to *Shamrock's* longstanding rule that a plaintiff/crossdefendant cannot remove an action to federal court.... The interpretation of 'defendant or defendants' for purposes of federal removal jurisdiction continues to be controlled by *Shamrock* ...."); *First Bank v. DJL Properties, LLC,* 598 F.3d 915, 918 (7th Cir.2010) cert. denied, —— U.S. ——, 131 S.Ct. 506, 178 L.Ed.2d 371 (2010) ("The word 'defendant' in § 1453(b) means what the word "defendant" means elsewhere in Chapter 89–and, as *Shamrock Oil* held, that word does not include a plaintiff who becomes a defendant on a counterclaim."); *In re Mortgage Elec. Registration Sys., Inc.,* 680 F.3d 849, 854 (6th Cir.2012)("[T]he language of section 1453(b) does not change the prior rule that counterclaim or third-party defendants do not have the right of removal."). *Palisades* itself recognized that CAFA jurisdiction and CAFA removal procedure are distinct issues in that it barred a CAFA counter-defendant from removing but left undisturbed the district court's finding that CAFA jurisdiction existed. *See id.* at 337–38. *See also Deutsche Bank National Trust Co. v. Tyner,* 233 F.R.D. 460, 464 (D.S.C.2006) (concluding that if third-party class claims were proper CAFA jurisdiction would exist, but since the class claims were not allowed, removal was likewise disallowed).

■ Whereas the *Palisades* majority has not construed the term "any defendant" under Section 1332(d), this Court declines to apply the *Palisades* majority's reasoning to the issue of whether CAFA jurisdiction exists here. Rather, the undersigned agrees with the well-reasoned dissent of Judge Niemeyer in *Palisades,* which recognizes that a narrow construction of CAFA jurisdiction and removal procedure is contrary to the congressional intent that CAFA broaden access to the federal courts:

> First, CAFA unquestionably expanded federal jurisdiction and liberalized removal authority, *see Johnson v. Advance America,* 549 F.3d 932, 935, 937–38 (4th Cir.2008), thus reversing the restrictive federal jurisdiction policies of Congress that both *Healy [v. Ratta,* 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248 (1934) ] and *Shamrock Oil* listed as the primary justification for application of the canon [of strict interpretation of federal jurisdictional statutes].

*Id.* at 342. "[T]his stated purpose for expanding federal jurisdiction and liberalizing removal in the CAFA context is part of the statutory text, *and federal courts surely have an obligation to heed it." Id.* (emphasis added). Statutory interpretation "depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis." *Kasten v. Saint–Gobain Performance Plastics Corp.,* —— U.S. ——, ——, 131 S.Ct. 1325, 1330, 179 L.Ed.2d 379 (2011) (quotation omitted). The term "any defendant" in Section 1332(d)(2) is broad and unrestricted. Based on the express congressional intent that CAFA acts to liberalize diversity jurisdiction, the Court concludes that the diversity between Plaintiffs and Hauck satisfies the minimal diversity required for CAFA jurisdiction.

### 2. Minimal Diversity Exists Between SCI And the Non–Resident Real Parties in Interest

Plaintiffs' class definition purports to limit the putative class to purchasers at the cemetery and family members of those buried at the cemetery who are "Florida citizens." (Compl. ¶¶ 51–52.) The persons allegedly affected by Defendants' tortious conduct and for whom Plaintiffs seek affirmative relief are not necessarily limited to

persons within the class definition, however.

Plaintiffs implicate in their claims for injunctive relief a class of real parties in interest that are not Florida citizens, including owners of burial rights, family members of interred decedents, and "legally authorized persons" who are responsible under Fl. Stat. § 497.005(39) for making decisions regarding the disposition of human remains interred at Star of David. Plaintiffs accuse SCI Florida of concealing alleged problems "from prospective purchasers at Star of David and their client families (including Plaintiffs)." (Compl. ¶ 25; *see also id.* ¶ 28.) Plaintiffs claim that disclosures of problems at the cemetery "should have been made, not only to Plaintiffs and the Class, ... but also, as the case may be to the relatives and loved ones of those interred at Star of David." (*Id.* ¶ 34.) The determination and correction of the alleged cemetery-wide wrongdoing Plaintiffs allege necessarily reaches all persons with a relationship with each person buried at Star of David, as Plaintiffs themselves allege in their Complaint:

> For example, the remains of family members of the Class are buried in grave spaces for which the burial right is owned by others. These human remains cannot be moved to another grave space without the consent of the legally authorized person for the deceased, but at the same time the burial rights of others will be further impacted if the human remains are not moved.

(*Id.* at ¶ 61.)

Plaintiffs ask the Court to enter an injunction "enjoining the unlawful acts, practices and omissions set forth herein," irrespective of whether the purported victims of such conduct are Florida citizens. (*Id.* ¶¶ 80(b) & 95(b)). Plaintiffs further ask for a mandatory injunction:

> appointing an independent examiner to oversee the cemetery and do take all measures necessary to prevent continuance of the Material Problems and to correct the Material Problem, including but not limited to resurveying, remapping, and resanctifying the cemetery.

(*Id.* ¶¶ 80(c) & 95(c)). The injunctive relief sought to "fix" the cemetery pertains to every grave space, every interred decedent, every owner, every family member, and every "legally authorized person," their state of residence notwithstanding.

■ The general manager of Star of David avers that the number of out-of-state owners of burial rights and "legally authorized persons" known to Star of David exceeds 1900 persons and that those individuals provided home addresses in 43 different states. *See* Decl. S. Parker ¶ 5.[1] These non-citizens constitute a class of interested persons who are not identified as plaintiffs but nevertheless will benefit from the injunctive relief specifically sought on their behalf.

■ When a suit is brought on behalf of real parties in interest, they are treated as class plaintiffs for purpose of CAFA jurisdiction even if they are not named parties or alleged members of a Rule 23 class. "Courts routinely look beyond labels to determine whether a lawsuit is a 'class action' or 'mass action' under the Class Action Fairness Act." *AT & T Mobility LLC v. Bushman,* Case No. 11–80922–CIV, 2011 WL 5924666, at *2 (S.D.Fla. Sept. 23, 2011) (citing *Louisiana ex rel. Caldwell v. Allstate Ins. Co.,* 536 F.3d 418,

---

**1.** It is proper for this Court to consider post-removal evidence. *See May v. Lakeland Reg'l Med. Ctr.,* Case No. 8:09–cv–0406–T–33AEP, 2010 WL 376088, at *7 (M.D.Fla. Jan. 5, 2010). "[T]here is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition." *Sierminski v. Transouth Fin. Corp.,* 216 F.3d 945, 949 (11th Cir.2000).

430 (5th Cir.2008); *W. Va. ex rel. McGraw v. Comcast Corp.*, 705 F.Supp.2d 441, 453–54 (E.D.Pa.2010)).

■ In *Caldwell,* the attorney general brought an action in his own name to recover for harm to consumers resulting from inflated insurance premiums and unfair insurance claim payments. *See* 536 F.3d at 422–23. Although the case was not styled as a class action and was brought in the name of an individual, the Court held that the case was properly removed under CAFA: "It is well-established that in determining whether there is jurisdiction, federal courts look to the substance of the action and not only at the labels that the parties may attach." *Id.* at 424. This holding is consistent with the congressional intent to create broad-based jurisdiction under CAFA: "In passing CAFA, Congress emphasized that the term 'class action' should be defined broadly to prevent 'jurisdictional gamesmanship.'" *Id.* If non-parties

> are the real parties in interest, then the nature of the claims asserted must be examined to determine if they are removable under CAFA. Generally speaking, a party is a real party in interest when it is 'directly and personally concerned in the outcome of the litigation to the extent that his participation therein will insure 'a genuine adversary issue between the parties....'

*Id.* at 428 (citations omitted). As Congress itself emphasized: "Generally speaking, lawsuits that resemble a purported class action should be considered class actions for the purpose of applying these provisions." *Id.* at 424 (citing S.Rep. No. 109–14 at 35 (2005), U.S.Code Cong. & Admin. News 2005, at 3). Accordingly, that the out-of-state real parties in interest are not included in the class definition here has no bearing on whether they comprise a "class" for purposes of finding CAFA jurisdiction over this lawsuit. The non-Florida citizenship of nearly two thousand persons within this "class" satisfies the minimal diversity element of CAFA jurisdiction.

### B. Propriety of SCI's Removal

■ Plaintiff argues that SCI is actually a plaintiff in light of its third-party claim and that its removal is therefore improper under Section 1453, which only allows removal by defendants. The cases Plaintiffs cite do not address an instance where the removing party is also an originally named defendant. *See Progressive,* 479 F.3d at 1017–18 (barring CAFA removal by a plaintiff subject to a counterclaim); *First Bank,* 598 F.3d at 916–17 (same); *In re Mortgage Elec. Registration Sys., Inc.,* 680 F.3d at 854 (barring CAFA removal by a third-party defendant). SCI is neither a plaintiff subject to a counterclaim nor a third-party defendant. SCI is an originally named defendant, and, as such, its removal is proper.

## IV. CONCLUSION

THE COURT, being fully advised and having considered the pertinent portions of the record, hereby

ORDERS AND ADJUDGES that Plaintiffs' motion to motion to remand, filed November 2, 2013 [**DE 13**], is DENIED. It is further

ORDERED AND ADJUDGED that SCI's motion for hearing on the motion to remand, filed November 19, 2012 [**DE 18**], is DENIED. It is further

ORDERED AND ADJUDGED that the motion to continue consideration of the motions to dismiss, filed November 8, 2012 [**DE 14**], is DENIED. Responses to the motions to dismiss shall be filed within ten days of the date of this order.