In the

# United States Court of Appeals

### For the Seventh Circuit

Nos. 10-8008 & 10-8009

FIRST BANK,

*Plaintiff, Counterdefendant-Petitioner,*

*v.*

DJL PROPERTIES, LLC, *et al.*,

*Defendants, Counterplaintiffs-Respondents.*

Petitions for Leave to Appeal from the United States
District Court for the Southern District of Illinois.
Nos. 09-cv-969-MJR & 09-cv-970-JPG
**Michael J. Reagan** and **J. Phil Gilbert**, *Judges*.

SUBMITTED MARCH 4, 2010—DECIDED MARCH 24, 2010

Before EASTERBROOK, *Chief Judge*, and ROVNER and
WILLIAMS, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. First Bank commenced two
suits in state court against DJL Properties, which filed
counterclaims styled as class actions. First Bank then
filed notices of removal, invoking the Class Action
Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453. The pro-

ceedings were assigned to different district judges. Judge Gilbert remanded one of the suits, concluding that a litigant who initially chose the state forum cannot remove even after becoming a counterclaim defendant. 2010 U.S. Dist. LEXIS 7204 (S.D. Ill. Jan. 27, 2010). Judge Reagan then remanded the other suit, adopting Judge Gilbert's reasoning. 2010 U.S. Dist. LEXIS 7700 (S.D. Ill. Jan. 29, 2010). We grant First Bank's petition for leave to appeal, see §1453(c)(1), because the cases present an issue not yet resolved in this circuit.

Chapter 89 of the Judicial Code, 28 U.S.C. §§ 1441–53, authorizes removal of certain cases by "defendants." Almost 70 years ago, the Supreme Court concluded that a litigant who files suit in state court is a "plaintiff" and cannot remove the case, even if the defendant files a counterclaim and the original plaintiff then wears two hats, one as plaintiff and one as defendant—and even if the counterclaim is distinct from the original claim and could have been a separate piece of litigation. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). That rule may be as old as 1867. See *West v. Aurora*, 73 U.S. 139, 142 (1867). It remains the law for removal in general, and two circuits have held that it applies to removal under the Class Action Fairness Act in particular. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 336 (4th Cir. 2008); *Progressive West Insurance Co. v. Preciado*, 479 F.3d 1014, 1018 (9th Cir. 2007). Judge Gilbert held that *Shamrock Oil*, *Palisades Collections*, and *Progressive West Insurance* prevent First Bank from removing; Judge Reagan agreed; so do we. We conclude that *Palisades Collections* and *Progressive West Insurance* were rightly decided.

Section 1453(b) says that a "class action" (a defined term) may be removed "in accordance with section 1446" whether or not "any defendant" is a citizen of the state in which the suit is pending, and "without the consent of all defendants". (Otherwise every defendant must sign the notice of removal. *Chicago, Rock Island & Pacific Ry. v. Martin*, 178 U.S. 245 (1900).) The 2005 Act thus refers us to §1446, which specifies where and when "defendants" file notices of removal. Section 1441, which creates the right of removal for cases that could have been filed initially in federal court, also says that "defendants" may remove a suit.

First Bank contends that the word "defendant" in §1453(b) includes a counterclaim defendant even though the word "defendant" in §1441 and §1446 does not. That would make hash of Chapter 89, because §1453(b) refers to §1446; unless the word "defendant" means the same thing in both sections, the removal provisions are incoherent. More than that: the word "defendant" has an established meaning in legal practice, and it is vital to maintain consistent usage in order to ensure that Members of Congress (and those who advise them) know what proposed language will do, and people can understand the meaning of statutes.

It does not follow from the fact that the 2005 Act expands the set of removable cases that it must use "defendant" in a novel way. The statute employs time-tested legal language. If the drafters of the 2005 Act wanted to negate *Shamrock Oil*, they could have written "defendant (including a counterclaim defendant)" or "any

party" (the phrase in 28 U.S.C. §1452(a) for removal in bankruptcy proceedings). But they chose the unadorned word "defendant," a word with a settled meaning.

First Bank observes that in §1453(b) the word "any" precedes the word "defendant". "Any" is inclusive, to be sure, but the word that it modifies remains "defendant"—which First Bank is not, under *Shamrock Oil*. "Any" appears twice. The function of the first "any" in §1453(b) is to establish that §1441(b), which provides that a home-state defendant can't remove a diversity suit, does not apply. (The context is: "without regard to whether any defendant is a citizen of the State in which the action is brought".) The function of the second "any" is to establish that a single defendant's preference for a federal forum prevails, notwithstanding *Martin*. (The context is: "except that such action may be removed by any defendant without the consent of all defendants".) Neither instance of the word "any" implies that "defendant" means something different in §1441(b) and §1453(b).

By using a word with an established meaning, Congress produces the established result. See, e.g., *Nken v. Holder*, 129 S. Ct. 1749, 1759 (2009); *Whitfield v. United States*, 543 U.S. 209, 216 (2005). See also *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005) (applying this approach to the 2005 Act). Giving legal words their standard legal meaning spares judges and lawyers expensive tours through the legislative history and avoids the impossible task of trying to guess what Members of Congress may have "had in mind" or "intended" about statutory language. See *Hor v. Gonzales*, 400 F.3d 482,

484–85 (7th Cir. 2005). Doubtless First Bank is right to say that exempting counterclaims from §1453 means that the 2005 Act achieves less than it otherwise would, but "no legislation pursues its purposes at all costs. Deciding what competing values will or will not be sacrificed to the achievement of a particular objective is the very essence of legislative choice—and it frustrates rather than effectuates legislative intent simplistically to assume that *whatever* furthers the statute's primary objective must be the law*." Rodriguez v. United States*, 480 U.S. 522, 525–26 (1987) (emphasis in original). Congress enacted a *rule* allowing removal by "defendants"; it did not say anything similar to: "Courts may allow removal whenever the case involves a large, multi-state class action."

The word "defendant" in §1453(b) means what the word "defendant" means elsewhere in Chapter 89—and, as *Shamrock Oil* held, that word does not include a plaintiff who becomes a defendant on a counterclaim.

AFFIRMED