In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-3938

TRI-STATE WATER TREATMENT, INC.,

*Plaintiff/Counterclaim-Defendant,*

*v.*

MICHAEL BAUER and STACEY BAUER,

*Defendants/Counterclaim-Plaintiffs/Appellees,*

*v.*

HOME DEPOT U.S.A., INC.,

*Counterclaim-Defendant, Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 16-cv-0419-MJR-RJD — **Michael J. Reagan**, *Chief Judge.*

ARGUED DECEMBER 1, 2016 — DECIDED JANUARY 5, 2017

Before WOOD, *Chief Judge*, and FLAUM and ROVNER, *Circuit Judges*.

WOOD, *Chief Judge*. In *First Bank v. DJL Properties, LLC*, 598
F.3d 915 (7th Cir. 2010), we held that a counterclaim-defend-
ant is not entitled to remove a case from state court to federal
court under the provisions of the Class Action Fairness Act
(CAFA), 28 U.S.C. § 1453(b). Today's case presents a related
question: whether, even though the original counterclaim-de-
fendant is barred from removing, an additional counterclaim-
defendant may nevertheless do so. We conclude that the stat-
ute does not support treating an original counterclaim-de-
fendant differently from a new one, and so we affirm the dis-
trict court's order remanding this case to state court.

## I

This case began as a simple collection action brought in the
Small Claims Court of Madison County, Illinois, by Tri-State
Water Treatment, Inc., against Stacey and Michael Bauer. Tri-
State alleged that the Bauers failed to pay for a water treat-
ment system it had installed at their house following a free,
in-home assessment of their water. The Bauers responded on
June 5, 2015, by answering the complaint and filing a counter-
claim against Tri-State. See 735 ILCS 5/2-608. But it was not
just any counterclaim: it asserted a multi-state class action
against Tri-State for fraud in connection with the sale of its
water-treatment system. See 735 ILCS 5/2-801. For purposes
of the counterclaim, the Bauers were counterclaim-plaintiffs
and Tri-State was the sole counterclaim-defendant.

Matters became more complicated when, on February 26,
2016, the Bauers filed an amended class-action counterclaim
in which they added Home Depot U.S.A., Inc., and Aquion,
Inc., as counterclaim-defendants. See 735 ILCS 5/2-616(a)
(permitting amendments that "introduc[e] any party who
ought to have been joined as plaintiff or defendant"). The

Bauers served the amended counterclaim on Home Depot on March 15, 2016.

The amended counterclaim defines the class as consumers who purchased a water treatment system from Tri-State, Rainsoft, and Home Depot, following an in-home water test. It asserts that the counterclaim-defendants conducted in-home water tests that did nothing but identify mineral content, rather than contaminants, and thereby misled consumers into buying their water treatment systems.

Home Depot filed a timely notice of removal on April 14, 2016. See 28 U.S.C. §§ 1446(b)(1), 1453(b). It argued that even though it was not an original "defendant" in the underlying case, its status as an *additional* counterclaim-defendant in an action meeting CAFA's criteria entitled it to take this step. The Bauers filed a motion to remand pursuant to 28 U.S.C. § 1447(c). They argued that the general removal statute (§ 1446), as modified by CAFA, does not permit any kind of counterclaim-defendant (original or additional) to remove, and thus that the case had to be returned to the state court.

In an order issued on September 29, 2016, the district court agreed with the Bauers' position. It concluded that CAFA did not disturb the longstanding rule that only original defendants can remove cases to federal court. The court relied in particular on *First Bank v. DJL Properties, LLC*, *supra*, which it read as a broad statement that only the original defendants are entitled to remove, not any of the hyphenated defendants, whether initial counterclaim-defendants, new counterclaim-defendants, third-party defendants, or anything else in that general family.

On October 11, 2016, Home Depot petitioned this court for permission to appeal the remand order pursuant to 28 U.S.C. § 1453(c). We granted that request on November 16, 2016, in order to resolve the unsettled question whether CAFA permits an additional counterclaim-defendant to remove an action. See 28 U.S.C. § 1453(c)(2); *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

## II

As the party seeking removal, Home Depot bears the burden of establishing federal jurisdiction. *In re Safeco Ins. Co. of Am.*, 585 F.3d 326, 329–30 (7th Cir. 2009); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447–48 (7th Cir. 2005). It argues that Congress granted parties in its position the power to remove actions from state court in § 1453(b), which provides:

> A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether *any defendant* is a citizen of the State in which the action is brought, except that such action may be removed by *any defendant* without the consent of all defendants.

28 U.S.C. § 1453(b) (emphasis added).

Home Depot argues that the second time the term "any defendant" appears in this section, it has two distinct functions: first, it eliminates the requirement that the defendants act unanimously when they remove, and second, it broadens the *type* of defendants who can remove to include any party that is brought into the case through service of process. Noting that nothing in the language of CAFA spells out anything

like the latter purpose, the Bauers take issue with Home De-
pot's second point. Instead, they argue, CAFA simply elimi-
nates two ordinary restrictions on removal: it erases the nor-
mal ban on removal by an in-state defendant in a diversity
case, 28 U.S.C. § 1441(b)(2); and it abolishes the normal re-
quirement that *all* defendants must join in a removal notice,
28 U.S.C. § 1446(b)(2)(A).

No one disputes the fact that suits qualifying under CAFA,
28 U.S.C. § 1332(d)(2), are subject to at least the two changes
that the Bauers identify: they are exempt from the normal rule
barring removal by in-state defendants, and even a single de-
fendant is entitled to remove "the action." 28 U.S.C. § 1453(b).
We addressed the latter point in *First Bank*, 598 F.3d at 917,
where we observed that "[t]he function of the second 'any' [in
§ 1453(b)] is to establish that a single defendant's preference
for a federal forum prevails, notwithstanding [*Chi., Rock Island
& Pac. Ry. Co. v. Martin*, 178 U.S. 245 (1900)]."

This leaves as the only point in contention Home Depot's
argument that the second time the term "any defendant" is
used in § 1453(b) it means not just any one "defendant," but
also any *type* of defendant. Home Depot proposes a rule un-
der which anyone who joins the case through service of pro-
cess should be regarded as a defendant for purposes of re-
moval under CAFA. Such a rule, we note, would even exclude
original defendants, if they appeared by consent rather than
through service. As we now explain, that is just one among
several problems with its position.

## A

Long before 2005, when CAFA was enacted, the Supreme Court held that a plaintiff who files suit in state court is precluded from removing a case to federal court, even if that person is later named as a counterclaim-defendant. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). *Shamrock Oil* interpreted the general federal removal statute in place at the time against the backdrop of prior versions of the legislation. (In one form or another, removal is a device that has existed since the creation of the federal judiciary; it appeared in the First Judiciary Act of 1789, 1 Stat. 73, c. 20, § 12.) The Court in *Shamrock Oil* noted that from 1875 to 1887, the general removal statute conferred the privilege of removal on "either party." 313 U.S. at 105. At all other times, the Court stressed, "the statutes governing removals have in terms given the privilege of removal to 'defendants' alone … ." *Id.* In the earlier case of *West v. Aurora City,* 73 U.S. (6 Wall.) 139 (1867), the Court had held that "[t]he right of removal is given only to a defendant who has not submitted himself to that jurisdiction; not to an original plaintiff in a State court who, by resorting to that jurisdiction, has become liable under the State laws to a cross-action." *Id.* at 141. At that time, however, the rules governing counterclaims, cross-claims, and third-party claims were significantly different from those that now appear in the Federal Rules of Civil Procedure, and so there is no reason to believe that the Court was speaking one way or the other to the situation that confronts us here. All we know from *Shamrock Oil* is that removal is not available for a plaintiff who is a counterclaim-defendant. 313 U.S. at 108–09. Both the Supreme Court and Congress have left *Shamrock Oil* undisturbed during the ensuing 75 years.

As we noted earlier, CAFA made some changes to the re-
moval rules for large, state-law based class actions. In *First
Bank*, we considered one aspect of those changes: whether an
original plaintiff who also is a class-action counterclaim-de-
fendant has the right to remove a case to federal court under
28 U.S.C. § 1453(b). First Bank, the original plaintiff and coun-
terclaim-defendant, was fighting remand to the state court. It
argued (just as Home Depot does here) that the word "de-
fendant" as used in § 1453(b) includes original plaintiffs be-
cause "defendant" is modified by the term "any." *First Bank*,
598 F.3d at 917.

We rejected First Bank's interpretation of the statute, con-
cluding that CAFA's use of "time-tested legal language" re-
quired us to adhere to the *Shamrock Oil* rule prohibiting re-
moval by an original plaintiff. *Id*. We commented that "the
word 'defendant' has an established meaning in legal practice,
and it is vital to maintain consistent usage in order to ensure
that Members of Congress (and those who advise them) know
what proposed language will do, and people can understand
the meaning of statutes." *Id.* The purpose of the modifier
"any," we concluded, was limited to the elimination of the
unanimity requirement. *Id*.

We also were influenced by the instruction in § 1453(b) to
conduct a CAFA removal "in accordance with section 1446."
Sections 1441 and 1446 use the *Shamrock Oil* definition of the
word "defendant." Adopting First Bank's view, we said,
"would make hash of Chapter 89, because § 1453(b) refers to
§ 1446; unless the word 'defendant' means the same thing in
both sections, the removal provisions are incoherent." *Id*. at
917. Interpreting § 1453(b) in this way kept consistent the

meaning of the term "defendant" as used in Chapter 89. *Id*. at 917–18.

As this discussion shows, *First Bank* does much of the work that is necessary to resolve the present appeal. But it does not do everything, because it dealt only with the situation of an original plaintiff who becomes a counterclaim-defendant, and our case involves a new party. We thus are faced with the distinct issue of a party that is not an original defendant, but also not one who voluntarily chose the state court. Different concerns, however, persuade us that CAFA does not extend the right of removal to such a party.

B

Just as the counterclaim-defendant in *First Bank* did, Home Depot argues that the term "any defendant" in § 1453(b) grants the right to remove to defendants of any stripe, regardless of how they came into the case. It insists that the word "defendant" means something different, and more expansive, when it appears in § 1453(b) than it does when it is used in §§ 1441 and 1446. As we have suggested, this position is in some tension with *First Bank*, in which we rejected a comparable argument. We noted that Congress drafted § 1453(b) in the context of established precedent interpreting the term "defendant" as the original defendant in the case, not a party in the position of a defendant because of additional counter-, cross-, or third-party claims. Congress is presumed to be aware of judicial interpretations of its acts. See *Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S.Ct. 736, 742 (2014); *Lorillard v. Pons*, 434 U.S. 575, 580 (1978). Courts also presume that the same meaning attaches to a term used multiple times in the same statute, unless there is powerful evidence to the contrary. *AU Optronics*, 134 S.Ct. at 742.

Logically, there are only a limited number of possibilities for removal in CAFA cases, as the following simplified scenario illustrates. Suppose that A sues B in state court, and B makes no effort to remove the case for more than a year. With the state court's permission, B amends its answer to raise a CAFA-qualified counterclaim against A and adds C as an additional defendant to the counterclaim under a state rule analogous to FED. R. CIV. P. 13(h). We know from *Shamrock Oil* and *First Bank* that A is not entitled to remove the case to federal court, even though the counterclaim meets CAFA's standards (minimal diversity, more than $5,000,000 in controversy, etc.). What should be done with C? Home Depot proposes that a party in C's position (itself) can remove because it was brought into the suit involuntarily, by service of process, and CAFA permits removal by a single defendant. But that is just one of three possible ways of resolving the situation. The options include finding that (1) the entire "case" is removed, even though this would mean that the original plaintiff, A, would win a right to remove that was not in the statute; (2) the entire "case" is removed pursuant to § 1441(c)(1), but after removal, as § 1441(c)(2) specifies, the court must sever the nonremovable case against A and remand just that part to the state court, thereby splitting the litigation into two duplicative proceedings; or (3) the new counterclaim-defendant, C, has no right of removal, because only an original defendant can remove—thus avoiding an end-run around *Shamrock Oil* for A and avoiding the inefficient splintering of the litigation.

Each of these possibilities has its pluses and minuses, but in the end we think that the one that does the least damage to both the jurisdictional statutes providing for removal and litigation efficiency is the third. We understand the *Shamrock Oil* ban against an original plaintiff's removal to be rooted in the

jurisdictional choices Congress made in the removal statutes. It would be reduced to a minor formality if any party added to a counterclaim could remove: recall, in this connection, that the party adding the new counterclaim-defendant would not have to be the counterclaim-plaintiff (B, in our example); in any state following the model of the federal rules (and in most that do not), the original counterclaim-defendant, A, would also be entitled to add the new party, which could be any person or entity that meets the criteria of either Rule 19 or Rule 20. See FED. R. CIV. P. 13(h). This problem would be avoided if we were to adopt the case-splitting solution of the second option, following § 1441(c), but that would run squarely counter to CAFA's purpose of consolidating mass class actions in one and only one court. It would leave us with the worst of both worlds: one giant class action counterclaim proceeding in state court, and a parallel class action counterclaim proceeding in federal court. Option 3, in contrast, offers the simple and efficient solution of permitting only the original defendant to remove. That is a clear rule that reduces to a minimum satellite litigation over *which* court should hear a case and paves the way to resolution on the merits.

Nothing in *First Bank* is inconsistent with this outcome. We are further reinforced in our conclusion by the fact that no circuit has adopted Home Depot's view. The only two circuits that have squarely addressed this issue agree with us. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 334–36 (4th Cir. 2008); *Westwood Apex v. Contreras*, 644 F.3d 799 (9th Cir. 2011). Indeed, *First Bank* cited *Palisades* with approval. 598 F.3d at 916–17.

*Palisades* is directly on point, as it rejected an additional counterclaim-defendant's argument for removal under

§ 1453(b). 552 F.3d at 334–36. The Fourth Circuit reasoned that the word "any" did not change the well-established meaning of "defendant." *Id*. at 335. The Ninth Circuit agreed. *Westwood*, 644 F.3d at 804–05. *Westwood* also reasoned that the removal argument of the additional counterclaim-defendants there—the same one advanced by Home Depot here—would render meaningless the phrase "without the consent of all defendants," which immediately follows "any defendant" in § 1453(b). *Id*. at 804. See also *In re Mortg. Elec. Registration Sys., Inc*. 680 F.3d 849, 851, 854 (holding that a third-party defendant cannot remove action under § 1453(b)).

## C

The final arrow in Home Depot's quiver is the Supreme Court's relatively recent decision in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547 (2014). This is slightly surprising because *Dart Cherokee* does not address the issue before us. *Dart Cherokee* held that a defendant does not need to provide evidence showing that CAFA's $5 million amount-in-controversy requirement has been met in order to remove an action. 135 S.Ct. at 553. But in the course of reaching that conclusion, the Court went out of its way to emphasize that there is "no antiremoval presumption … [in] cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id*. at 554.

That might be telling if this court had taken a dim view of removal in CAFA cases. But as Home Depot recognized during oral argument, we have never applied or endorsed such an anti-removal presumption. See *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 773 (7th Cir. 2014); see also *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). *Dart Cherokee* ratified our

understanding of the statute. We add that there is not a whisper in *Dart Cherokee* of any move to overrule *Shamrock Oil*. If that is where the Supreme Court is going, it will have to get there on its own; it is not for us to anticipate such a move.

## D

Home Depot argues that absurd results would arise if we were to hold that additional counterclaim-defendants cannot remove actions under CAFA. It fears that doing so would "reward[ ] gamesmanship," because lawyers would be able to use small-claims litigation as springboards for counterclaim class actions that would be stuck in state court. This, it predicts, would re-introduce the forum-shopping CAFA was designed to eliminate.

We are not convinced that this will come to pass. First, the state courts have all the tools they need to manage abusive amendments to pleadings. Second, we see nothing "absurd" about keeping some cases in state court. *Shamrock Oil* implicitly allows this outcome when the removal-seeking defendant is an original plaintiff. In the 75 years since that case was decided, Congress has not seen fit to amend the general removal statute to allow such plaintiffs to remove. It is also worth noting that CAFA only *selectively* increased federal jurisdiction over multi-state class actions. It did not roll out the welcome mat for all multi-state class actions. Instead, it established restrictions on what class actions the federal courts could and could not entertain. These restrictions include amount-in-controversy and numerosity requirements, as well as the "local controversy" and "home state" exceptions, contained in 28 U.S.C. § 1332(d).

## III

If Congress wishes to fine-tune the removal rules for CAFA actions, it is free to do so. For now, however, we will apply the law as it stands, adopt the approach that is most consistent with the removal statutes, adhere to our own ruling in *First Bank,* and maintain consistency with our sister circuits. Because an additional counterclaim-defendant, like all other counterclaim-defendants, is not entitled to remove a CAFA class action under § 1453(b), we AFFIRM the district court's order remanding this case to state court.