**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1627

GEORGE W. JACKSON,

        Third Party Plaintiff – Appellee,

v.

HOME DEPOT U.S.A., INCORPORATED,

        Third Party Defendant – Appellant,

and

CAROLINA WATER SYSTEMS, INC.; CITIBANK, N.A.,

        Defendants.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:16-cv-00712-GCM)

Argued: December 5, 2017                Decided: January 22, 2018

Before NIEMEYER, SHEDD and DUNCAN, Circuit Judges.

Affirmed by published opinion. Judge Duncan wrote the opinion, in which Judge Niemeyer and Judge Shedd joined.

**ARGUED:** Sidney Stewart Haskins, II, KING & SPALDING, LLP, Atlanta, Georgia, for Appellant. David Kevin Lietz, VARNELL & WARWICK, P.A., Lady Lake, Florida, for Appellee. **ON BRIEF:** Merritt McAlister, J. Andrew Pratt, Zheyao Li, Atlanta,

Georgia, Antonio E. Lewis, KING & SPALDING, LLP, Charlotte, North Carolina, for Appellant. Daniel K. Bryson, WHITFIELD, BRYSON & MASON, LLP, Raleigh, North Carolina; Rashad Blossom, BLOSSOM LAW PLLC, Charlotte, North Carolina; Janet R. Varnell, VARNELL & WARWICK, P.A., Lady Lake, Florida, for Appellee.

DUNCAN, Circuit Judge:

Third-Party Defendant Home Depot U.S.A., Inc., filed a Petition for Permission to Appeal the district court's order remanding this case to state court. This court deferred ruling on Home Depot's Petition for Permission to Appeal pending consideration of the merits of the appeal. Home Depot argues that it is entitled to remove the class action counterclaim against it despite Fourth Circuit precedent to the contrary because either the Supreme Court has called this precedent into question or it is distinguishable here. Home Depot also appeals the district court's denial of its motion to realign the parties.

We grant Home Depot's Petition for Permission to Appeal. For the reasons that follow, we affirm both the district court's decision to remand this case to state court and its denial of Home Depot's motion to realign the parties.

I.

On June 9, 2016, Citibank, N.A., filed a debt collection action against George W. Jackson in the District Court Division of the General Court of Justice of Mecklenburg County, North Carolina. Citibank alleged that Jackson failed to pay for a water treatment system he purchased using a Citibank-issued credit card. On August 26, 2016, Jackson filed an Answer in which he asserted a counterclaim against Citibank and third-party class action claims against Home Depot and Carolina Water Systems, Inc. ("CWS"). Jackson alleged that Home Depot and CWS engaged in unfair and deceptive trade practices by misleading customers about their water treatment systems, and that Citibank was jointly and severally liable to him because Home Depot "directly sold or assigned the

3

transaction to" Citibank. J.A. 51. On September 23, 2016, Citibank voluntarily dismissed its claims against Jackson without prejudice.

Home Depot filed a notice of removal on October 12, 2016, citing federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Home Depot asserted that its notice of removal was timely under 28 U.S.C. § 1446(b) because it was filed within thirty days of its September 12, 2016, receipt of Jackson's counterclaim. On October 28, 2016, Home Depot moved to realign the parties with Jackson as plaintiff and Home Depot, CWS, and Citibank as defendants. On November 8, 2016, Jackson moved to remand. On November 18, 2016, Jackson amended his third-party complaint to remove any reference to Citibank.

The district court denied Home Depot's motion to realign because it concluded that this was not a case "where there are antagonistic parties on the same side," and granted Jackson's motion to remand because Home Depot did not meet the removal statute's definition of "defendant." *See Citibank, N.A. v. Jackson*, No. 3:16-CV-00712-GCM, 2017 WL 1091367, at *2–4 (W.D.N.C. Mar. 21, 2017).

II.

We review de novo the district court's decision to remand to state court. *See Quicken Loans Inc. v. Alig*, 737 F.3d 960, 964 (4th Cir. 2013). We also review de novo the district court's refusal to realign the parties, but review the district court's factual determinations on this point for clear error. *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 872–73 (9th Cir. 2000).

4

Under the general removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the appropriate district court. 28 U.S.C. § 1441(a). Section 1446 establishes the procedure for removal under § 1441 and other sections.

In *Shamrock Oil & Gas Corp. v. Sheets*, the Supreme Court concluded that the predecessor to § 1441 did not permit an original plaintiff to remove a counterclaim against it. 313 U.S. 100, 108 (1941). The Court contrasted the statute, which authorized removal "by the defendant or defendants therein," with other statutes that had allowed removal by "either party," and held that Congress's choice of words indicated "the Congressional purpose to narrow the federal jurisdiction on removal." *See id.* at 104, 107. While § 1441 was not before the Court in *Shamrock Oil*, § 1441 uses similar language to its predecessor and allows removal by "the defendant or the defendants." Courts therefore interpret § 1441 in accordance with *Shamrock Oil*. *See, e.g.*, *Westwood Apex v. Contreras*, 644 F.3d 799, 805 (9th Cir. 2011); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462–63 (6th Cir. 2002).

Congress, however, has expanded removal authority for class actions. It enacted CAFA "to curb perceived abuses of the class action device which, in the view of CAFA's proponents, had often been used to litigate multi-state or even national class actions in state courts." *Tanoh v. Dow Chemical Co.*, 561 F.3d 945, 952 (9th Cir. 2009). To that end, CAFA, and in particular 28 U.S.C. § 1453(b), was adopted to extend removal authority beyond the traditional rules.

5

Section 1453(b) states that a class action filed in state court may be removed "in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether *any defendant* is a citizen of the State in which the action is brought, except that such action may be removed by *any defendant* without the consent of all defendants." 28 U.S.C. § 1453(b) (emphases added). Section 1453(b) thus refers to § 1446, which establishes the procedures for removal.

This court has interpreted § 1453(b) to eliminate three of the traditional limitations on removal. *See Palisades Collections LLC v. Shorts*, 552 F.3d 327, 331 (4th Cir. 2008) (citing *Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1018 n.2 (9th Cir. 2007)). First, it eliminates the rule that the defendant cannot remove a case filed in its home forum. *Id.* Second, it eliminates the rule that a defendant cannot remove a case that has been pending in state court for more than one year. *Id.* Third, it eliminates the rule requiring unanimous consent of all defendants for removal. *Id.*

This court has also held that CAFA's expanded removal authority does not allow removal of a class action counterclaim asserted against an additional counter-defendant.[1] *See id.* at 336. *Palisades* addressed facts similar to those presented here,[2] and concluded

---

[1] *Palisades* described a defendant, not the original plaintiff, named in a counterclaim as an "additional counter-defendant," and we adopt that language here. Home Depot's caption in this case is "Third Party Defendant," but any suit by a defendant against the plaintiff, including any properly joined claims, is a counterclaim. *Id.* at 329 n.1. A counter-defendant need not also be the original plaintiff. *Id.*

[2] In *Palisades*, the plaintiff initiated a collection action in state court to recover unpaid charges plus interest owed on a cellphone service contract. *Id.* at 329. The original defendant filed an answer denying the complaint's allegations and asserting a counterclaim against the original plaintiff. *Id.* The original defendant later filed an (Continued)

6

that an additional counter-defendant was not "the defendant or the defendants" with removal authority under § 1441(a). *Id.* First, *Palisades* applied *Shamrock Oil* and held that an additional counter-defendant was not "the defendant or the defendants" because it was not a defendant against whom the original plaintiff asserted a claim. *Id.* Second, it emphasized that "Congress has shown the ability to clearly extend the reach of removal statutes to include counter-defendants, cross-claim defendants, or third-party defendants," but § 1441(a) refers only to "the defendant or the defendants," which supports a narrow view of removal under that provision. *Id.* at 333–34. Third, it observed that this conclusion was consistent with the obligation to construe removal jurisdiction strictly. *Id.*

*Palisades* also held that an additional counter-defendant was not "any defendant" entitled to removal under § 1453(b). *Id.* at 334. First, it concluded that because an additional counter-defendant was not "the defendant or the defendants" under § 1441(a), it could not be "any defendant" under § 1453(b). *Id.* It reasoned that "any" did not change the meaning of "defendant," and that the inclusion of "any" at most allowed removal by a party that met the existing definition of "defendant." *Id.* at 335. Second (and relatedly), it examined the text of § 1453(b) and concluded that the two references to "any defendant" eliminated specific removal restrictions but did not expand the definition

---

amended counterclaim joining an additional counter-defendant and moved for class certification. *Id.* The additional counter-defendant removed to federal court. *Id.* The original defendant moved to remand on the grounds that the additional counter-defendant was not a "defendant" pursuant to § 1441. *Id.* at 329–30. The district court granted the motion to remand, and we affirmed. *Id.* at 330, 337.

of "defendant." *Id.* at 335. According to the court, the phrase "without regard to whether *any defendant* is a citizen of the State in which the action is brought" merely eliminated the home-state defendant rule. *See id.* And the phrase "may be removed by *any defendant* without the consent of all defendants" merely eliminated the unanimity requirement. *See id.* In the context of construing § 1453(b) as well, *Palisades* observed that "this conclusion is consistent with our duty to construe removal jurisdiction strictly and resolve doubts in favor of remand." *Id.* at 336.

Since this court's decision in *Palisades*, other courts have considered whether an additional counter-defendant can remove a class action counterclaim. *Palisades*'s conclusion that an additional counter-defendant cannot remove a class action has been adopted by at least two other circuits. *See Tri-State Water Treatment, Inc., v. Bauer*, 845 F.3d 350, 355–56 (7th Cir. 2017) (reaching the same conclusion and stating that "[t]he only two circuits that have squarely addressed this issue agree with us"); *Contreras*, 644 F.3d 799 (the other decision cited by *Tri-State*).

## III.

Home Depot argues that it is entitled to remove Jackson's counterclaim for two reasons. It first argues that the Supreme Court has cast doubt on the assumptions that underpinned this court's decision in *Palisades*, and that we must therefore reconsider whether an additional counter-defendant is entitled to remove a class action counterclaim. In particular, Home Depot claims that the conclusion in *Palisades* that an additional counter-defendant is not "any defendant" with removal authority under § 1493(b) does

8

not survive the Supreme Court's decision in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014). Home Depot argues that *Dart Cherokee* called into question the application of *Shamrock Oil*'s interpretation of "defendant" in the class action context.

Alternatively, Home Depot argues that even if *Palisades* survives *Dart Cherokee*, *Palisades* is inapplicable here because Citibank, the original plaintiff, is no longer a party in this case. Home Depot argues that it is a defendant in Jackson's counterclaim, the sole live action remaining, and thus is entitled to remove under § 1446(b). Because our analysis is constrained by the intricate timeline before us, we note again that on August 26, 2016, Jackson filed his counterclaim; on September 23, 2016, Citibank voluntarily dismissed its claims against Jackson without prejudice (but remained a counter-defendant in Jackson's counterclaim); on October 12, 2016, Home Depot filed its notice of removal; on October 28, 2016, Home Depot moved to realign the parties; on November 8, 2016, Jackson moved to remand; and on November 18, 2016, Jackson amended his counterclaim to drop his claims against Citibank. Only at that point was Citibank no longer a party to this dispute.

Finally, Home Depot argues that the district court erred by failing to realign the parties. Home Depot apparently seeks to be captioned as a "defendant" in order to strengthen its argument that it is a defendant under the removal statutes.

For the reasons that follow, we disagree. We conclude that our decision in *Palisades* survives *Dart Cherokee* and is applicable here. We also affirm the district

9

court's denial of Home Depot's motion to realign the parties. We address each argument in turn.

A.

Home Depot first argues that *Palisades* does not survive *Dart Cherokee* because the "Supreme Court's rejection of the anti-removal presumption in *Dart Cherokee* undermines *Palisades*'s reasoning" and calls into question the application of *Shamrock Oil* under CAFA because of the unique federalism interests present in class action cases. *See* Appellant's Br. at 22. We disagree. We hold that the Supreme Court has not called into question *Palisades*'s conclusion that an additional counter-defendant is not entitled to remove under § 1441(a) or § 1453(b), nor has it abandoned *Shamrock Oil*'s definition of "defendant" in the class action context.

In *Dart Cherokee*, the Supreme Court held that a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee*, 135 S. Ct. at 553–54. In so holding, the Supreme Court remarked that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id.* at 554.

Home Depot argues that *Palisades*'s "application of the 'original defendant' rule was based, in substantial part, on a flawed premise that the 'anti-removal presumption' applies to CAFA." Appellant's Br. at 21. This characterization appears to be based on *Palisades*'s interpreting § 1453(b) "consistent with our duty to construe removal

10

jurisdiction strictly and resolve doubts in favor of remand." *See Palisades*, 552 F.3d at 336. But it is possible to construe removal strictly without applying an anti-removal presumption. The Seventh Circuit recently did precisely that in holding that § 1453(b) did not expand removal authority to an additional counter-defendant in a class action while explicitly noting the absence of an anti-removal presumption in the CAFA context. *Tri-State*, 845 F.3d at 356. Moreover, *Palisades* itself recognized that CAFA expanded removal authority, noting that "[t]hrough CAFA, Congress expanded federal diversity jurisdiction by amending 28 U.S.C. § 1332," and that "we are cognizant of the fact that Congress clearly wished to expand federal jurisdiction through CAFA." *See Palisades*, 552 F.3d at 331, 336. Accordingly, we conclude that the strict construction of the removal statute in *Palisades* did not reflect an anti-removal presumption.

Nor can we conclude that *Palisades* applied an anti-removal presumption by utilizing *Shamrock Oil*'s definition of "defendant" in the class action context. The analytical focus of *Palisades* was on interpreting the word "defendant" in § 1441(a) and § 1453(b) to have the same meaning in both provisions. Since the definition of the term "the defendant or the defendants" in § 1441(a) was well-established and the provision was not amended by CAFA, we concluded that § 1453(b)'s two references to "any defendant" did not change the meaning of § 1441(a) or extend a right of removal under § 1453(b) to additional parties. To give the term "defendant" in these interlocking removal statutes different meanings would render the provisions "incoherent." *See First Bank v. DJL Props., LLC*, 598 F.3d 915, 917 (7th Cir. 2010). When Congress uses a term with a well-established meaning, we presume--absent evidence otherwise--that

11

Congress intends to adopt that meaning, because Congress is presumed to be aware of judicial interpretations. *See id.*

As the Seventh Circuit noted in rejecting an argument identical to that presented here, "there is not a whisper in *Dart Cherokee* of any move to overrule *Shamrock Oil*. If that is where the Supreme Court is going, it will have to get there on its own; it is not for us to anticipate such a move." *Tri-State*, 845 F.3d at 356. We agree. If the Supreme Court believes that CAFA expanded the meaning of "defendant," it will say so directly. We decline to upend so settled a definition as "defendant" without clear direction from the Supreme Court. We therefore hold that *Dart Cherokee* did not undermine *Palisades*'s interpretation of § 1441(a) and § 1453(b).

B.

Alternatively, Home Depot seeks to distinguish *Palisades* on the grounds that it is a defendant--not a counter-defendant or a third-party defendant--in the only live dispute in this case. As such, it contends that it is entitled to remove because § 1446(b)(2)(B) allows each defendant "30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." But at the time Home Depot filed for removal, Citibank--the original plaintiff--remained a counter-defendant. We therefore hold that Home Depot cannot avoid *Palisades* merely because Citibank had dismissed its claims against Jackson.

In reaching this conclusion, we pay particular attention to the complex timeline of events in this case. While Citibank is no longer a party to this dispute, it remained a

12

counter-defendant when Home Depot filed its notice of removal, which is when we evaluate removability. *See Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013). When Home Depot filed its notice of removal on October 12, 2016, Jackson's counterclaim still asserted claims against Citibank. Indeed, Jackson still asserted claims against Citibank when he filed his motion to remand on November 8, 2016. Because Citibank remained a counter-defendant when Home Depot filed its notice of removal, we cannot give weight to the fact that Jackson later dropped his claims against Citibank. The only relevant distinction between this case and *Palisades* is that here the original complaint had been voluntarily dismissed without prejudice when Home Depot filed its notice of removal.

Against this backdrop, we hold that Home Depot is not entitled to remove Jackson's counterclaim. First, this result is most consistent with our precedent governing removal under § 1441(a) and § 1453(b). We have consistently allowed removal only by parties against whom the original plaintiff asserts claims and have never conditioned this rule upon the viability of the original complaint. *See Palisades*, 552 F.3d at 333. As we stated previously, we pay close attention to the fact that at the time Home Depot filed its notice of removal, Citibank remained a counter-defendant in this case even though it had voluntarily dismissed without prejudice its claim against Jackson. We need not decide how § 1441(a) and § 1453(b) would apply if, at the time Home Depot filed its notice of removal, Jackson had dropped his counterclaim against Citibank.

Second, allowing Home Depot to remove would give the original plaintiff--who in North Carolina has broad power to voluntarily dismiss its complaint, *see* N.C. Gen. Stat.

13

§ 1A–1 Rule 41(a)--the power to decide whether a counterclaim against it is adjudicated in federal court. Citibank's voluntary dismissal of its complaint cannot make an existing counterclaim against Citibank and others removable. If it did, Citibank would have de facto removal authority in contravention of the rule that an original plaintiff cannot remove a counterclaim against it.

Third, allowing Home Depot to remove would invite gamesmanship. When Jackson filed his counterclaim, Home Depot could not remove because it was not a party against whom Citibank initially brought a claim. *See Palisades*, 552 F.3d at 333. If Home Depot could now remove Jackson's counterclaim, an original plaintiff counter-defendant could voluntarily dismiss its complaint without prejudice in order to disrupt unfavorable proceedings in state court, and, given CAFA's expanded removal authority, an additional counter-defendant could then remove the counterclaim to federal court. The original plaintiff might later attempt to reinstate its state court action, creating parallel proceedings in state court.

At the time Home Depot filed its notice of removal, the original plaintiff remained a party in the counterclaim Home Depot tried to remove. Allowing Home Depot to remove the counterclaim against Home Depot, Citibank, and CWS would be inconsistent with our prior interpretations of CAFA's removal statute. Accordingly, we conclude that Home Depot cannot escape the holding of *Palisades*.

14

C.

In an attempt to bolster its argument that it is a defendant entitled to file a notice of removal under § 1446(b)(2)(B), Home Depot appeals the district court's denial of its motion to realign the parties. Because this case does not involve an attempt to artificially manufacture diversity jurisdiction, we affirm the district court's denial of Home Depot's motion to realign.

Judicial realignment of the parties prevents the creation of sham diversity jurisdiction. *Faysound Ltd. v. United Coconut Chems. Inc.*, 878 F.2d 290, 295 (9th Cir. 1989). "Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who are defendants. It is [the Supreme Court's] duty, as it is that of the lower federal courts, to look beyond the pleadings and arrange the parties according to their sides in the dispute." *Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69 (1941). In determining whether to realign the parties, this court employs the "principal purpose" test, in which we determine the primary issue in controversy and then align the parties according to their positions with respect to that issue. *U.S. Fidelity & Guar. Co. v. A&S Mfg. Co., Inc.*, 48 F.3d 131, 133 (4th Cir. 1995).

In its rush to claim applicability of the principal purpose test, Home Depot ignores the reason realignment exists at all. Realignment ensures that parties do not artfully draft pleadings in order to escape "the mandate that courts carefully confine their diversity jurisdiction to the precise limits that the jurisdictional statute, pursuant to Article III, has defined." *See id.* Because no party contends that this case involves an attempt to

15

fraudulently manufacture diversity jurisdiction, we need not delve too deeply into the issue of realignment. In the absence of a compelling reason to apply principles of realignment outside their traditional domain, we affirm the district court's denial of Home Depot's motion to realign the parties.

## IV.

For the foregoing reasons, the district court properly declined to realign the parties and correctly remanded this case to state court. Accordingly, the judgment of the district court is

*AFFIRMED.*