In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-2582

BRUCE BETZNER AND BARBARA BETZNER,

*Plaintiffs-Appellees*,

*v.*

THE BOEING COMPANY,

*Defendant-Appellant*.

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:18-cv-01294 — **Staci M. Yandle**, *Judge*.

ARGUED DECEMBER 3, 2018 — DECIDED DECEMBER 14, 2018

Before SYKES, BARRETT, and ST. EVE, *Circuit Judges*.

ST. EVE, *Circuit Judge*. After Bruce and Barbara Betzner
named Boeing as a defendant in their state court personal in-
jury lawsuit, Boeing filed a notice of removal under the fed-
eral officer removal statute, 28 U.S.C. § 1442(a), alleging a gov-
ernment contractor defense. Three days later, the district
court, *sua sponte*, remanded the lawsuit to state court for lack
of subject-matter jurisdiction, and shortly thereafter, denied
Boeing's motion for reconsideration. On appeal, Boeing

argues that the district court erred by requiring evidentiary submissions to support its notice of removal.[1] Boeing further argues that it alleged sufficient facts to support federal officer removal under § 1442(a). We agree and reverse.

## I. Background

The Betzners filed suit in the Third Judicial Circuit, Madison County, Illinois alleging that during the course of Bruce Betzner's employment, he was exposed to asbestos fibers emanating from certain products, which caused his mesothelioma. They further contended that defendants, including Boeing, manufactured these products.

Boeing filed a notice of removal under the federal officer removal statute alleging that Bruce's deposition and affidavit show the negligence claims arise from Bruce's work at Ling Temco Vought in Dallas, Texas from 1967 to 2015. Relevant to Boeing, Bruce was involved in the assembly of Boeing B-1 and B-1B Lancer heavy bomber aircraft manufactured for the United States Air Force from March 1982 to January 1987. Boeing asserts that when it entered into contracts with the United States government to design, manufacture, test, and supply B-1 and B-1B military aircraft, the government controlled the design and development of the aircraft and required adherence to its detailed specifications.

---

[1] In most removed cases, 28 U.S.C. § 1447(d) prohibits review of a remand order "on appeal or otherwise." Section 1447(d) provides an exception for "an order remanding a case to the State court from which it was removed pursuant to section 1442", therefore, we may consider this appeal. *Hammer v. United States Dep't of Health & Human Servs.*, 905 F.3d 517, 525 (7th Cir. 2018).

The Betzners did not file a motion to remand or challenge the factual allegations in the notice of removal. Instead, the district court, *sua sponte*, remanded the case concluding that it lacked subject-matter jurisdiction due to Boeing's failure to provide evidentiary support for its government contractor defense. The district court specifically stated "Boeing's 71-page Notice of Removal is devoid of any facts, supporting affidavits, or exhibits supporting its claimed government contractor defense" and "Boeing's bald assertions are insufficient to meet the criteria for federal officer jurisdiction." Without the benefit of a response brief, the district court also denied Boeing's Federal Rule of Civil Procedure 59(e) motion explaining it was "not required to take Boeing's allegations at face value" and that Boeing "simply did not provide sufficient information" for the court to conclude removal was proper.

## II. Discussion

We review subject-matter jurisdiction and the propriety of the removal of a state-court action *de novo*. *Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795, 800 (7th Cir. 2013). The party seeking removal bears the burden of establishing federal jurisdiction. *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352 (7th Cir. 2017); *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012). The presumption against removal in ordinary diversity jurisdiction cases does not extend to the federal officer removal statute. *Hammer v. United States Dep't of Health & Human Servs.*, 905 F.3d 517, 526–27 (7th Cir. 2018). Indeed, the Supreme Court has made clear that courts must liberally construe § 1442(a). *Watson v. Phillip Morris Cos.*, 551 U.S. 142, 147 (2007); *Willingham v. Morgan*, 395 U.S. 402, 407 (1969).

We begin by correcting the district court's misimpression that Boeing was initially required to submit evidence to

support its notice of removal. The general statute governing the removal of civil actions requires a defendant to file a notice of removal "containing a short and plain statement of the grounds of removal." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id*. When addressing good-faith amount-in-controversy allegations in a Class Action Fairness Act suit, the *Dart Cherokee* Court held a "statement 'short and plain' need not contain evidentiary submissions." *Id*. at 551; *see also Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

*Dart Cherokee's* holding is not limited to amount-in-controversy allegations as the district court suggested. After *Dart Cherokee*, for example, we applied its holding beyond amount-in-controversy allegations when discussing admiralty jurisdiction as a basis of removal. *Lu Junhong v. Boeing Co.*, 792 F.3d 805, 814–15 (7th Cir. 2015). In doing so, we rejected the notion that "federal jurisdiction depends on a high degree of certainty that jurisdictional facts exist." *Id*. at 815. Instead, we held "[j]urisdictional allegations control unless it is legally impossible for them to be true." *Id*. Even before *Dart Cherokee*, we emphasized that a colorable federal defense under § 1442(a) need only be plausible. *Ruppel*, 701 F.3d at 1181–82; *Venezia v. Robinson*, 16 F.3d 209, 212 (7th Cir. 1994). Based on the plain language of § 1446(a), as well as *Dart Cherokee* and our precedent, the standard in assessing removal allegations

under § 1442(a) starts with Rule 8(a)'s short and plain statement requirement.

We thus review Boeing's allegations in its § 1442(a) notice of removal under the federal pleading standards. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Federal officer removal is proper when the defendant (1) is a person within the meaning of the statute, (2) is acting under the United States, its agencies, or its officers, (3) is acting under color of federal authority, and (4) has a colorable federal defense. *Panther Brands, LLC v. Indy Racing League, LLC*, 827 F.3d 586, 589–90 (7th Cir. 2016); *Ruppel*, 701 F.3d at 1180–81.

Corporations are persons under § 1442(a), and so, Boeing has easily satisfied the "person" requirement within the meaning of the federal officer removal statute. *See Panther Brands*, 827 F.3d at 590; *Ruppel*, 701 F.3d at 1181.

Next, Boeing has sufficiently alleged it was "acting under" the United States, its agencies, or its officers. "Acting under" includes situations "where the federal government uses a private corporation to achieve an end it would have otherwise used its own agents to complete." *Ruppel*, 701 F.3d at 1181. On the other hand, "merely being subject to federal regulations or performing some functions that the government agency controls is not enough to transform a private entity into a federal officer." *Panther Brands*, 827 F.3d at 590. Here, Boeing plausibly alleged that it acted under federal officers when it contracted to manufacture heavy bomber aircraft for the United States Air Force, and that it acted under the military's detailed and ongoing control. In doing so, Boeing's allegations adequately state that it was assisting or carrying out the duties of the United States Air Force.

Boeing has also plausibly alleged the "acting under the color of federal authority" requirement, which "is distinct from the 'acting under' requirement in the same way a bona fide federal officer could not remove a trespass suit that occurred while he was taking out the garbage—there must be a 'causal connection between the charged conduct and asserted official authority.'" *Ruppel*, 701 F.3d at 1181 (quoting *Jefferson Cty., Ala. v. Acker*, 527 U.S. 423, 431 (1999)). Boeing has sufficiently stated a causal connection between the Betzners' negligence claims and its official actions controlled by the military, namely, that it was under the sole direction of the United States Air Force when it manufactured the B-1 and B-1B Lancer aircraft that allegedly caused Bruce's asbestos-related illnesses.

Further, Boeing's notice of removal sets forth sufficient factual details regarding its government contractor defense.[2] The colorable federal defense requirement fulfills Article III jurisdiction and reflects Congress's intent to have federal defenses litigated in federal court. *Id*. at 1182. "Requiring the defense only be colorable, instead of 'clearly sustainable,' advances this goal" and "at this point, we are concerned with who makes the ultimate determination, not what that determination will be." *Id*. (internal citations omitted); *see also Willingham*, 395 U.S. at 407 (A defendant invoking § 1442(a) "need not win his case before he can have it removed."); *Venezia*, 16 F.3d at 212 ("A federal defendant need not show that

---

[2] On appeal, the Betzners do not address whether Boeing plausibly alleged its government contractor defense under Rule 8(a), but rather they argue that the record was devoid of a factual basis to determine any such defense. They further assert "Boeing relied on its bare assertions without sufficient evidence in its Notice of Removal."

he is entitled to *prevail* in order to have access to the federal forum.") (emphasis in original).

The government contractor defense shields contractors from tort liability if they manufacture products for the government in accordance with precise government specifications. *Hercules, Inc. v. United States*, 516 U.S. 417, 421–22 (1996); *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988). The defense applies where (1) the federal government approved reasonably precise specifications, (2) the manufactured equipment conformed to the government's specifications, and (3) the contractor warned the federal government about the equipment's dangers that were unknown to the government. *Boyle*, 487 U.S. at 512.

Boeing's plausible allegations include that when designing, manufacturing, supplying, testing, and repairing the B-1 and B-1B aircraft it acted as a government contractor under the detailed and ongoing direction and control of the United States military. Boeing also claimed that the military had exclusive control over the design and development of the aircraft and required adherence to precise specifications. Additionally, Boeing alleged the aircraft it manufactured conformed to the military's specifications and the federal government was independently aware of the potential health hazards related to asbestos exposure.

Because Boeing's allegations supporting its § 1442(a) notice of removal are plausible on their face, this case belongs in federal court. Accordingly, the district court erred in concluding that Boeing was required to submit evidence to support its removal allegations.

### III. Conclusion

We REVERSE the judgment of the district court and REMAND for further proceedings consistent with this opinion.